## ROSSMAN v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit.   May 2, 1922.)

No. 3620.

I. **Internal revenue** &⇒2—**Statutes held impliedly repealed by National Prohibition Act.**

Rev. St. § 3242 (Comp. St. § 5965), penalizing the carrying on of the business of manufacturing stills, etc., without paying the special tax, and section 3265 (Comp. St. § 6003), penalizing the failure of any person manufacturing any still, etc., to notify the collector before its removal from the place of manufacture, are repealed by implication by the National Prohibition Act.

2. **Intoxicating liquors** &⇒223(1)—**Charge of unlawful possession of "distilling apparatus" not limited to completed still.**

Where counts for having possession of property designed for the manufacture of intoxicating liquor intended for use in violation of National Prohibition Act, tit. 2, § 25, and for unlawful possession for sale of a utensil intended and designed or intended for use in unlawful manufacture in violation of section 18, further described the property and utensil as a still and distilling apparatus, the words "distilling apparatus" could not be limited to a completed still fully equipped and ready for operation, but might cover a 15-gallon pot and coil of copper tubing or worm, which, when connected by gooseneck, would produce a completed still.

3. **Intoxicating liquors** &⇒233(2), 236(19)—**Evidence held admissible, and to warrant finding that possession of distilling apparatus was not for sale for legitimate purposes.**

In a prosecution for violations of the National Prohibition Act, it was the duty of the jury to consider evidence that witnesses told defendant they wanted to buy a still to make corn whisky, that he told them he had a still, and sold them a copper utensil and copper worm as a still to be used for such purpose, and took the purchasers to his codefendant to have the means of connecting them supplied, and from such evidence could properly find that defendant was not in possession of such articles, and was not offering them for sale, for legitimate purposes.

4. **Criminal law** &⇒878(4)—**Conviction on each of two counts for violation of National Prohibition Act held unwarranted.**

Assuming that National Prohibition Act, tit. 2, § 25, prohibiting the possession of property designed for the manufacture of liquor intended for unlawful use, includes such possession for purpose of sale, there could be no conviction on a count under that section, and also on a count under section 18, relative to possession for sale, where the evidence showed conclusively that possession was for purpose of sale only, and not for defendant's own use in manufacturing liquors.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Solomon Rossman was convicted of violations of the National Prohibition Act and revenue laws, and he brings error.   Reversed in part, and affirmed in part.

George W. Edwards, of Youngstown, Ohio, for plaintiff in error.

D. J. Needham, Asst. U. S. Atty., of Cleveland, Ohio (E. S. Wertz, U. S. Atty., and D. J. Needham, Asst. U. S. Atty., both of Cleveland, Ohio, on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

&⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

DONAHUE, Circuit Judge. Solomon Rossman was convicted in the United States District Court, Northern District of Ohio, Eastern Division, upon four of the five counts of an indictment charging the plaintiff in error and Emile Faller jointly with violations of the National Prohibition Act (41 Stat. 305) and the revenue laws of the United States.

The first count charged them with the unlawful possession of certain property, known as a still and distilling apparatus, designed for the manufacture of intoxicating liquor in violation of the National Prohibition Act. The second count charged them with unlawfully and feloniously possessing for sale a certain utensil, known as a still and distilling apparatus, designed and intended for use in the unlawful manufacture of intoxicating liquor in violation of the same act. The third and fourth counts charged, respectively, offenses under sections 3242 and 3265 of the Revised Statutes (Comp. St. §§ 5965, 6003). The fifth count charged a conspiracy between the plaintiff in error, Emile Faller, and divers other persons, to the grand jurors unknown, to engage in and carry on the business of manufacturing stills in violation of law.

The District Court, on motion of the plaintiff in error, quashed the fifth count of this indictment. Emile Faller having pleaded guilty, the plaintiff in error, Solomon Rossman, was tried separately upon the other counts of this indictment, and a general verdict of guilty was returned by the jury. A motion for a new trial was overruled, and defendant sentenced to pay fines of $100 each on the first, second, and fourth counts, and $200 on the third count, and that the defendant be confined in the Stark County Workhouse, at Canton, Ohio, for 60 days from and after the 14th day of April, 1921.

[1] It is conceded by counsel for the government, and properly so, that sections 3242 and 3265 of the Revised Statutes are repealed by implication by the National Prohibition Act. United States v. Yuginovich, 256 U. S. 450, 41 Sup. Ct. 551, 65 L. Ed. 1043, decided by the Supreme Court, June 1, 1921; Gray v. United States (C. C. A.) 276 Fed. 395.

It is insisted upon the part of the plaintiff in error that the verdict of guilty on the first and second counts of this indictment is not sustained by the evidence. The government offered evidence tending to prove that Prohibition Officers D. M. Brown and Roy C. Wilton, on October 5, 1920, called at the store of the plaintiff in error in Youngstown, Ohio, and informed him they desired to purchase a still, and that they wanted this still to make corn whisky; that the plaintiff in error said to them: "I have some stills over here in the window." Thereupon he exhibited to them a number of copper pots or utensils that were then and there in his possession, and offered to sell to them a 15-gallon still for $25; that, after making some objections to the price demanded, these prohibition agents asked the plaintiff in error if he knew of a tinsmith who would put a gooseneck on the copper pot or utensil, so as to permit the attachment of a coil of copper tubing or worm thereto. The plaintiff replied that he did know such a tinsmith, but refused to give his name or address unless Brown and Wilton would buy the

still. Thereupon Brown and Wilton left the store of the plaintiff in error, but returned early in the afternoon of the following day, and purchased this copper pot or utensil from the plaintiff in error at the price demanded the night before, and also purchased a coil of copper tubing or worm for $13.50, in addition to the price paid for the pot; that the plaintiff in error then took Brown and Wilton, together with this copper pot or utensil and the coil of copper tubing, to the shop of his codefendant, Emile Faller, a tinsmith, who in consideration of $11 then paid to him by Brown and Wilton, made and affixed a gooseneck to the copper pot and supplied the union for the purpose of attaching the coil of copper tubing or worm to this gooseneck, thereby producing a completed still, ready for operation, from the material purchased from Rossman, with the sole addition of the gooseneck and union supplied by Faller.

[2] It is insisted upon the part of the plaintiff in error that this evidence does not show that he was in possession of a still, because it was not a still until the tinsmith had supplied the means of attaching the worm to the copper pot or utensil. The trial court properly overruled the motion of plaintiff in error for a directed verdict, based solely upon this contention, and submitted the case to the jury. The first count of this indictment charges the defendants with having in their possession certain property designed for the manufacture of intoxicating liquor intended for use in violation of section 25 of title 2, of the National Prohibition Act. The second count charges the defendants with the unlawful possession for sale of a certain utensil designed and intended for use in the unlawful manufacture of intoxicating liquor, in violation of section 18, title 2, of the National Prohibition Act.

It is true that each of these counts, after stating the offense in the language of the statute, designates both the "property" named in the first count and the "utensil" named in the second count as "a still and distilling apparatus." This is but a further description of the "property" and "utensil" intended for use in the unlawful manufacture of intoxicating liquor, and unlawfully in the possession of the defendants, as charged in the first and second counts of this indictment. If it were conceded that these descriptive words "still and distilling apparatus" are necessary, in addition to the descriptive words used in the statute, to describe fully the offenses charged, and not mere surplusage, nevertheless the phrase "distilling apparatus" cannot be limited to a completed still, fully equipped and ready for operation. Certainly the two most important parts of a still, to wit, a 15-gallon pot or utensil and the coil of copper tubing or worm, may constitute "distilling apparatus," within the meaning of that term as used in this indictment.

[3] It was the duty of the jury, in the determination of this question, to take into consideration the evidence offered by the government that these prohibition agents informed the plaintiff in error that they wanted to buy a still for the purpose of making corn whisky; that he told them he had a still for sale, and did sell them this copper utensil and copper worm as a still to be used for the purposes named; and that in connection with such sale he took the purchasers and the prop-

erty purchased by them to his codefendant, Faller, to have the means of connecting these articles supplied. It is undoubtedly true, as claimed by counsel for plaintiff in error, that these articles have legitimate uses for which they can lawfully be sold; but from the evidence in this case the jury could properly find that the defendant was not in possession thereof, and was not offering the same for sale, for such legitimate purposes.

There is, however, another question in this case, that was not presented by counsel for plaintiff in error, either to the trial court or to this court; but, in view of the fact that it is vital to the defendant, we think it should be considered by this court in the disposition of this error proceeding. Wiborg v. U. S., 163 U. S. 632, 659, 16 Sup. Ct. 1127, 1197, 41 L. Ed. 289; Clyast v. U. S., 197 U. S. 207, 222, 25 Sup. Ct. 429, 49 L. Ed. 726; Crawford v. U. S., 212 U. S. 183, 194, 29 Sup. Ct. 260, 53 L. Ed. 465, 15 Ann. Cas. 392; Tucker v. U. S., 224 Fed. 833, 841, 140 C. C. A. 279; Morse v. U. S., 174 Fed. 539, 544, 98 C. C. A. 321, 20 Ann. Cas. 938.

[4] Section 25, on which the first count of this indictment is based, prohibits the possession of property designed for the manufacture of liquor intended for use in violation of title 2 of the National Prohibition Act. Section 18, on which the second count of the indictment is based, prohibits the possession for sale of any utensil, contrivance, machine, etc., designed or intended for use in the unlawful manufacture of intoxicating liquor. The possession of this character of property is an essential element of each of the offenses charged in the first and second counts respectively. If section 25 comprehends and includes property designed for the manufacture of liquor intended for use by any person, including a possible purchaser, then the evidence necessary to sustain the second count of this indictment would also sustain the offense charged in the first count, and in that event the defendant could not be convicted upon both the first and second counts. Nielsen, Petitioner, 131 U. S. 176, 188, 9 Sup. Ct. 672, 33 L. Ed. 118; Reynolds v. U. S., 280 Fed. 1, decided by this court April 4, 1922.

It is wholly unnecessary to decide, and we do not decide, whether section 25 is broad enough to include intended use by a purchaser, or is limited to such intention on the part of the person manufacturing or in possession of the same, for the reason that there is no evidence in this record tending to show that the plaintiff in error intended to use this property for the manufacture of intoxicating liquors in violation of the National Prohibition Act; but, on the contrary, the evidence conclusively shows that he was in possession of this property for the purpose of sale. Therefore, regardless of the proper construction of section 25, the defendant, upon the evidence in this case and the law applicable thereto, could not be convicted upon both counts; but the evidence and the law fully sustain his conviction upon the second count.

For the reasons stated, the conviction and sentence upon the first, third, and fourth counts are reversed, including the money fines assessed upon each of these counts, and the 60 days' imprisonment in

the Stark County Workhouse, at Canton, Ohio, and the conviction and sentence upon the second count is affirmed, including the fine assessed by the court on this count.