### REYNOLDS v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. June 28, 1922.)

No. 3639.

1. **Intoxicating liquors** ⟨key⟩167—**Landlord, until reasonable time after notice, not guilty of "aiding and abetting" tenant manufacturing liquor.**

For a landlord to be a principal, within Criminal Code, § 332, making one aiding or abetting in the commission of an offense against the United States a principal, after notice or knowledge that tenant is manufacturing liquor on the premises, a reasonable time must elapse for the landlord to stop the illicit business, and even a longer nonexercise of a power to stop would not necessarily be aiding or abetting (citing Words and Phrases, First and Second Series, Aiding and Abetting).

2. **Intoxicating liquors** ⟨key⟩173—**Landlord, aiding and abetting tenant in manufacture of liquor on premises, may be prosecuted as principal or for maintaining nuisance.**

Under National Prohibition Act, tit. 2, § 21, penalizing as a nuisance the maintenance of premises on which liquor is manufactured, does not prevent a landlord from being prosecuted under Criminal Code, § 332 (Comp. St. § 10506), making any one aiding or abetting in the commission of an offense against the United States a principal, and National Prohibition Act, tit. 2, § 3, prohibiting the manufacturing of liquor, where a tenant manufactures liquor on the leased premises, as a commission of one of these offenses is not necessarily a commission of the other.

In Error to the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

On rehearing. Former opinion modified, and new trial ordered. For former opinion, see 280 Fed. 1.

John E. Bell, of Memphis, Tenn. (Bell, Phillips & Lyons, of Memphis, Tenn., on the brief), for plaintiff in error.

Geo. C. Taylor, U. S. Atty., of Greeneville, Tenn. (Thos. J. Walsh, Asst. U. S. Atty., of Humbolt, Tenn., and W. H. Fisher, Asst. U. S. Atty., of Jackson, Tenn., on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

---

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. Upon the former hearing we reversed the judgment, but affirmed the conviction and remanded the case for the imposition of sentence upon that count of the indictment which charged the manufacture of intoxicating liquor in violation of section 3 of title 2 of the National Prohibition Act (41 Stat. 308).

Upon application for a rehearing, a reversal of the conviction for manufacture was urged on account of what was said in a part of the charge, but upon which error had not been assigned, and which had not been urged in plaintiff in error's brief. Upon consideration of the charge in this particular, and of the doubt whether there had been any intentional waiver of this point, we decided to permit its merits to be argued by way of a partial rehearing. This has now been done.

[1] The proof tended to show that the manufacturing took place in the basement of Mrs. Reynolds' residence. Her answer to the inference of guilt was that she had rented this basement and had no knowledge of the lessee's acts. It would have been within permissible limits for the jury to find from the testimony that her story was not credible and that she had some kind of an active interest in the operation; but the conviction does not rest solely on this ground. While the charge of the court is open to a construction which very likely was intended by the trial judge, and which we think would be unobjectionable, we cannot escape the conclusion that it might have been taken by the jury as meaning that, although Mrs. Reynolds' status was that of a mere landlord, yet, if she had knowledge that her tenant was carrying on this distilling, she would herself be guilty of manufacture, and it is in this aspect of the charge that we must now consider it.

We do not doubt that the relation of a landlord to manufacturing carried on by a tenant, and after the landlord has knowledge of the tenant's enterprise, may be such as to constitute aiding and abetting, and accordingly to make the landlord a principal, under Criminal Code, § 332 (Comp. St. § 10506), and liable to conviction upon the indictment for the principal offense. It is upon this view of the matter that the charge is to be justified, if at all. However, we think the inference of aiding and abetting is rather permissive than imperative. A landlord must not only have knowledge, but, after sufficiently complete notice or knowledge, a reasonable time must have elapsed for him to reach his tenant and insist upon either vacation of the premises or an absolute cessation of the illicit business. Indeed, the longer mere nonexercise of a power to prevent would not necessarily be aiding and abetting; it would be one of the elements supporting a composite inference. U. S. v. Gooding, 12 Wheat. 460, 475, 6 L. Ed. 693; Words and Phrases, First and Second Series, "Aiding and Abetting." The extent of that reasonable time and the character of the noninterference are influenced by all the conditions of the particular case, and by the charge these additional elements were, in effect, excluded from the jury's consideration.

[2] Counsel for plaintiff in error present another ground for reversal. They point out that the conduct of a landlord who is not a participant in a tenant's illicit distilling may often be well described

282 F.—17

as maintaining a nuisance upon his property, or assisting in maintaining such a nuisance. It is therefore urged that this conduct by a landlord is in effect cut out from such aiding and abetting as makes him principal in the manufacture under section 332, and is, by section 21 of title 2 of the National Prohibition Act (41 Stat. 314), erected into a separate crime with a different punishment, while it remains the same act. The separate punishment also may be less than that imposed upon aiding in manufacture, since the second offense of manufacturing is a felony, while maintaining a nuisance is always a misdemeanor. It is then urged under the principle of decision of the Yuginovich Case, 256 U. S. 450, 41 Sup. Ct. 551, 65 L. Ed. 1043, that the specific penalty should exclude the application of the broader statute. The contention must be overruled. As pointed out in the former opinion in this case, and in our opinion in Rossman v. U. S., 280 Fed. 950, filed May 2, 1922, the overlapping or duplication between two prosecutions, which may make one inconsistent with the other, arises only when a particular class of conduct forbidden by one is always and necessarily a violation of the other. Section 3, prohibiting the manufacture, is violated by a single act; and if this were by a tenant, we do not doubt that a landlord might so aid and abet as to be a principal offender under section 332. Maintaining a nuisance, however, as punished by section 21, implies a continuity of action for a substantial period. One might be guilty of manufacture in a room, and yet not guilty of maintaining a nuisance therein. It follows that the landlord may be prosecuted under either section, according to the facts of the case.

For the reason stated, the conviction, as well as the judgment, must be reversed, and a new trial had.