## UNITED STATES v. HAMPDEN.

(District Court, E. D. Michigan, S. D.   December 10, 1923.)

### No. 7973.

1. **Criminal law ⬿29—Defendant may be convicted of transporting and storing stolen motor vehicle as separate offenses.**

   Under National Motor Vehicle Theft Act, §§ 3, 4, making it separate offenses to knowingly transport a stolen motor vehicle in interstate commerce, and to knowingly store a stolen motor vehicle which is a part of or constitutes interstate commerce, a defendant may be convicted under separate counts of both offenses, though the transportation and storing are of the same vehicle and a part of the same continuous transaction.

2. **Criminal law ⬿29—Same transaction may involve separate offenses.**

   Where Congress has prohibited each of several separate and distinct acts, though comprising a single transaction, the commission of each of such acts constitutes in law, and is punishable as, a separate and distinct offense, if each of such offenses involves an element not involved in the others.

3. **Criminal law ⬿200(1)—Conviction which will bar prosecution for different offense.**

   The overlapping or duplication between two prosecutions, which may make one inconsistent with the other, arises only when a particular class of conduct forbidden by one statute is always and necessarily a violation of the other.

---

⬿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Criminal prosecution by the United States against Robert Hampden, alias Wade C. Fox. On petition for modification of judgment. Denied.

Edwin C. Henning, of Evansville, Ind., for petitioner.
Earl J. Davis, U. S. Atty., of Detroit, Mich.

TUTTLE, District Judge. This is a petition praying that the judgment and sentence of this court, under which the petitioner is confined in the Leavenworth Penitentiary, be modified as hereinafter set forth.

[1] Petitioner was convicted and sentenced under two counts for violation of the Act of Congress of October 29, 1919, chapter 89, 41 Statutes at Large, 324, officially designated in said act as the National Motor Vehicle Theft Act, and commonly known as the Dyer Act. Section 3 of this act provides that:

"Whoever shall transport or cause to be transported in interstate or foreign commerce a motor vehicle, knowing the same to have been stolen, shall be punished by a fine of not more than $5,000, or by imprisonment of not more than five years, or both."

Section 4 of the act provides that:

"Whoever shall receive, conceal, store, barter, sell, or dispose of any motor vehicle, moving as, or which is part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen, shall be punished by a fine of not more than $5,000, or by imprisonment of not more than five years, or both."

The first count of the indictment on which petitioner was convicted charged that on January 25, 1922, said petitioner unlawfully, willfully, and knowingly transported in interstate commerce a certain stolen motor vehicle (described in the indictment) from Danville, Ind., to Detroit, Mich., which automobile had theretofore been stolen from a certain named person at said city of Danville, said petitioner then and there at the time of such transportation knowing said automobile to have been so stolen. The second count charged that on the same date, at the city of Detroit, Mich., said petitioner unlawfully, willfully, and knowingly received, concealed, and stored a certain stolen motor vehicle (described as in the first count), which automobile had theretofore been stolen from a certain person (being the person named in the first count) at Danville, Ind., which automobile, when so received, concealed, and stored was moving as, was a part of, and constituted an interstate shipment between said Danville, Ind., and said Detroit, Mich., the said petitioner at the time he so received, concealed, and stored said automobile knowing the same to have been so stolen. The indictment was filed March 17, 1922, and on March 31, 1922, after a trial before a jury, a verdict was returned against petitioner of guilty under both counts, and on the same day he was sentenced by this court on the first count to imprisonment at the United States Penitentiary at Leavenworth for five years from and including said date, and on the second count to further imprisonment at said penitentiary for five years from and after the expiration of the term imposed on the first count, and is still serving such sentence.

The ground on which petitioner seeks relief, as stated in said petition, is:

"That all of the offenses of which he was convicted under said indictment and both counts thereof constituted a single continuing criminal act, inspired by the same felonious intent, which was equally essential to each of the offenses charged in the indictment, and that the excess of his sentence beyond imprisonment for five years, which was the maximum punishment prescribed by Act of Congress passed October 29, 1919, commonly known as the Dyer Act, for a single offense was beyond the jurisdiction of this court which sentenced him, and void. Wherefore petitioner prays the court that said judgment and sentence be modified and amended so as to impose upon petitioner no more than the maximum imprisonment punishment prescribed by said act for a single offense."

The "same transaction" rule thus invoked has been upheld in certain state courts, and was at one time applied by some federal courts (notably the Circuit Court of Appeals for the Eighth Circuit) in decisions several of which are cited and relied on by petitioner in his brief. In the case of Stevens v. McClaughry, 207 Fed. 18, 125 C. C. A. 102, 51 L. R. A. (N. S.) 390 (C. C. A. 8), which is typical of this line of decisions, the principle was stated as follows:

"Two or more separate offenses which are committed at the same time and are parts of a single continuing criminal act, inspired by the same criminal intent which is essential to each offense, are susceptible to but one punishment."

[2] This doctrine, however, and the decisions in which it was expressed, were expressly rejected by the Supreme Court in Morgan v. Devine, 237 U. S. 632, 35 Sup. Ct. 712, 59 L. Ed. 1153, as has been recognized and admitted by the Circuit Court of Appeals for the Eighth Circuit itself. Morris v. United States, 229 Fed. 516, 143 C. C. A. 584; Morgan v. Sylvester, 231 Fed. 886, 146 C. C. A. 82; Massey v. United States (C. C. A.) 281 Fed. 293. It is now well settled in the courts of the United States that where Congress has prohibited each of several separate and distinct acts, although comprising a single transaction, the commission of each of such acts constitutes in law, and is punishable as, a separate and distinct offense, if each of such offenses involves an element not involved in the others. Burton v. United States, 202 U. S. 344, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392. Ebeling v. Morgan, 237 U. S. 625, 35 Sup. Ct. 710, 59 L. Ed. 1151; Morgan v. Devine, supra; Reynolds v. United States (C. C. A.) 280 Fed. 1, and, on rehearing, 282 Fed. 256 (C. C. A. 6).

It is further urged on behalf of petitioner that the indictment in substance charges that he knowingly transported the stolen automobile in question from Danville to Detroit, and that upon reaching Detroit he put such automobile into storage there, and it is insisted that the act of storing is inseparable from the act of transporting, and that they are parts of one transaction. The argument is that if, after reaching Detroit, petitioner had parked the automobile on the street, this clearly would not have constituted an offense separate from the illegal transportation charged in the first count, and that the mere fact that, instead of leaving this car on the street, he drove it into a garage, should not make him guilty of two separate crimes. As, however, Congress has

made such an act of storage an offense distinct and different from the crime involved in the transportation, this contention cannot be sustained.

[3] It is true that, where a person is tried and convicted of a crime which has various incidents included in it, he cannot again be tried and punished for an offense consisting of one or more of such incidents, for this would be double punishment. Ex parte Nielsen, 131 U. S. 176, 9 Sup. Ct. 672, 33 L. Ed. 118; Reynolds v. United States, supra; Rossman v. United States, 280 Fed. 950 (C. C. A. 6). As, however, was pointed out in Reynolds v. United States, supra:

"The overlapping or duplication between two prosecutions, which may make one inconsistent with the other, arises only when a particular class of conduct forbidden by one is always and necessarily a violation of the other."

If the evidence required for conviction upon the first of two counts in an indictment would be sufficient to convict of the charge contained in the second count, a conviction on the first count would be a bar to a subsequent prosecution for the offense charged in the second count; otherwise, not. Gavieres v. United States, 220 U. S. 338, 31 Sup. Ct. 421, 55 L. Ed. 489; Reynolds v. United States, supra; Rossman v. United States, supra. It certainly cannot be said in the present case that the concealing or storing of the stolen automobile in Detroit was necessarily an incident of its transportation to Detroit. Such transportation ended on arrival at its destination. The concealment and storage occurred after such arrival. Petitioner, in fact, concedes that in the systematic stealing of automobiles, which the Dyer Act was designed to reach, one party usually does the stealing, and another party at the end of the line receives and stores and sells the stolen transported automobile, and that it was the purpose of this statute to make each of these acts a crime, and thereby to punish each offender concerned therein. The fact, however, that each of these acts, which Congress has thus defined as a separate legal offense, has been committed by the same person, instead of by several persons, cannot render them any the less separate offenses, and, the jury having found that petitioner committed each of the forbidden acts, he was properly convicted and sentenced for each of the crimes created by Congress and charged in the indictment.

One further consideration may be mentioned. It will be noted that the second count charges that petitioner received, concealed, and stored the motor vehicle involved. While the mere act of receiving such vehicle may well be held to have been included in the offense of transportation, for which petitioner could not be punished twice, yet, as the jury returned a general verdict of guilty, petitioner was thereby convicted of all of such acts, and the charge of receiving may be ignored as surplusage, and the verdict treated as one of guilty of the act of concealing or of storing, and sustained as such. Greene v. United States, 154 Fed. 401, 85 C. C. A. 251 (C. C. A. 5); Doe v. United States, 253 Fed. 903, 166 C. C. A. 3 (C. C. A. 8); Phillips v. United States, 264 Fed. 657 (C. C. A. 5).

It follows that the petition must be, and it hereby is, denied.