## COOK v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit.  May 30, 1924.)

No. 2205.

Intoxicating liquors ⬤⟶236(6½, 9, 11)—Evidence held to support conviction for unlawful possession and sale, and maintaining nuisance.

Evidence *held* to support a conviction of defendant for unlawful possession and sale of liquor, and for maintaining a nuisance.

Waddill, Circuit Judge, dissenting in part.

In Error to the District Court of the United States for the Southern District of West Virginia, at Huntington; George W. McClintic, Judge.

Criminal prosecution by the United States against J. Levi Cook. Judgment of conviction, and defendant brings error. Affirmed.

J. Raymond Gordon, of Charleston, W. Va., for plaintiff in error.

Ellis A. Yost, Asst. U. S. Atty., of Huntington, W. Va., and B. J. Pettigrew, Asst. U. S. Atty., of Charleston, W. Va. (Elliott Northcott, U. S. Atty., of Huntington, W. Va., on the brief), for the United States.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge.  In the District Court a general verdict of guilty was returned against J. Levi Cook, the plaintiff in error, the defendant below, and so styled here.  He was tried upon an information which in three counts charged against him—First, possession of intoxicants; second, their sale; third, the maintaining as a common nuisance a place in which they were sold.  He admits that between 9 and 10 o'clock at night he was found walking along a road towards his house, carrying a gallon of moonshine liquor, and he therefore does not question the propriety of his conviction on the first count, but he says there was no sufficient evidence to sustain a verdict of guilty on the others.

The government proved that liquor had been so frequently sold at the house at which he lived as to make that place a nuisance.  All these sales were made by a woman named Collins.  It is not shown that he was present at the making of any of them.  It was shown that both he and this woman had for some years lived at this house.  He was arrested about 11 o'clock at night.  The Collins woman was then with him.  He was presumably in bed.  At all events, it was necessary for him to dress before he could accompany the officers, and she collected his clothes and helped him to dress.  He was his only witness. He admitted that the woman lived in the house for a number of years, but he denied that he had any part in her violations of law.  He said he knew nothing of them.  He produced a deed of some years standing, which put the property in the name of his son, a resident of Pennsylvania, and a letter from the son giving the Collins woman charge of the first floor of the house.  The jury heard his story and saw him

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tell it. They were instructed that they could not convict him, unless satisfied of his guilt beyond a reasonable doubt. In view of the long and close connection between him and the woman, of his having been personally found carrying liquor towards the house, and of the apparent lack of candor with which the record strongly suggests he testified, we may not hold that the jury was not justified in reaching the conclusion they did. ·

The question as to his participation in the violations of law was one peculiarly fit for the determination of 12 sensible and experienced men.

Affirmed.

WADDILL, Circuit Judge. I concur with the majority in this case in so far as the plaintiff in error is convicted of the unlawful transportation and possession of liquor, but I cannot see my way clear to do so respecting the conviction for a nuisance under the third count of the information.

The defendant was found at night on the highway by an officer, with a gallon of whisky in his possession. For this offense he was tried and convicted, and fined $500, which it seems to me was no mean punishment for the offense; certainly, it was the highest that the law authorized. To convict him in addition, and imprison him for 12 months, for an alleged nuisance, unless clearly established by the facts, should not be done. From my view of the testimony, the same entirely fails to make out a case of nuisance, and, on the contrary, establishes, assuming a nuisance to have been committed, that it was by some one other than the plaintiff in error, and without his knowledge.