## STEIR v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. November 5, 1924.)

### No. 1639.

**Intoxicating liquors ⊷167—Knowledge of owner that tenant is using premises unlawfully makes him aider and abettor.**

Knowledge of the owner or agent, in control of rented premises, that they are being used for the unlawful manufacture of liquor, and his acquiescence therein, makes him an aider and abettor, and subject to indictment as a principal.

In Error to the District Court of the United States for the District of Massachusetts; George F. Morris, Judge.

Criminal prosecution by the United States against Max Steir. Judgment of conviction, and defendant brings error. Affirmed.

Elihu D. Stone, Asst. U. S. Atty., of Boston, Mass.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. The plaintiff in error was convicted, with three others, in the District Court of Massachusetts upon an indictment in which they were charged with the unlawful manufacture of intoxicating liquor. The case is here upon a writ of error, in which the errors assigned are that the court below erred in overruling the motion of the plaintiff in error to direct a verdict of not guilty as to him, and also in refusing the defendant's request to rule and instruct the jury that, on all the evidence, he was entitled to an acquittal; that he could not be convicted because of mere passive acquiescence in the offense charged, and that he "must be shown to be the owner of the premises, with a knowledge and active interest in the manufacture of the liquor, in order for the jury to convict him."

The testimony discloses that prohibition officers, with a search warrant, visited the house at 184 School street, Quincy, Mass., owned by the wife of the plaintiff in error, and there found 1,500 gallons of mash, 5 gallons of moonshine whisky, one 50-gallon still, and one 10-gallon still; that in the room where the whisky was found, two of the men indicted with Steir were found; that one of them was pouring out liquor from a 5-gallon container, and that liquor was also found in an automobile standing in the yard in front of the house.

The house in which the liquor was found was a double tenement house owned by Steir's wife, and he stated to the prohibition officers that he let the back part of it to one of the other defendants for $20 per month, and that he did not know that the tenant was manufacturing liquor there. Steir was in his own apartment when the raid was made, but a door led from his apartment to that where the liquor, mash, and stills were found. He testified that he was a milkman and accustomed to get up at 2 o'clock in the morning and not get back home until 6 o'clock in the morning; that he took care of his own cows and was unable to smell any fumes from the manufacture of liquor because of the smell of the barn upon his clothes. He also testified that the tenant moved into the rented apartment five months before the raid; that there was only one gas meter in the house when the tenant moved in; but the tenant afterwards put in another meter, and that he knew nothing about this.

One of the prohibition officers testified that he could detect the smell of mash downstairs in the part of the house occupied by Steir.

The charge of the presiding judge has not been made a part of the record and, as no exception was taken to any part of it, it is to be presumed that there was no error in it prejudicial to the plaintiff in error, and that the jury was correctly instructed that Steir could not be convicted unless there was evidence of facts from which the jury might reasonably infer that Steir had knowledge of the use which was being made by Pillar of the apartment which he had rented and that he consented to the same. If he had knowledge and knowingly allowed Pillar to use the tenement for unlawful purposes, there was evidence upon which a verdict of guilty could be based. The relation of Steir in such case to the unlawful act would be more than that of passive acquiescence; it would make him an aider and abettor in the commission of the crime and liable to indictment as a principal. Act

March 4, 1909, c. 321, § 332, 35 Stat. 1152 (Comp. St. § 10506). See Reynolds v. United States (C. C. A.) 282 F. 256.

There was sufficient evidence from which the jury could find that the defendant Steir knew of the unlawful use which was being made of the premises which he had let to Pillar and that he acquiesced in it. As applied to all the facts disclosed by the evidence in this case, there was no error in denying the requests to rule which are assigned as error. While it is true that the evidence shows that Steir was not the owner of the premises, yet, it also appeared that, as agent for his wife, he let the premises to Pillar, who had occupied them for four or five months before the raid by the officers, and there was evidence from which the jury could have found that, as such agent, he had control of the premises and could have prevented any unlawful use of the same, which he did not do, but knowingly acquiesced in such use.

Under the facts disclosed, the jury were warranted in reaching the conclusion that Steir had knowledge concerning the unlawful use to which the tenement let by him was put, and consented to the same.

The judgment of the District Court is affirmed.