## DALLAS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. January 28, 1925.)

No. 6635.

**1. Criminal law ⬅878(4)—Verdicts of acquittal and conviction on different counts held not inconsistent.**

Acquittal of defendant on counts charging unlawful possession and sale of liquor on certain premises *held* not inconsistent with a verdict of guilty on another count charging maintenance of a nuisance on the premises, where there was evidence that defendant owned the building and tending to show that he had knowledge that liquor was being kept and sold therein.

**2. Intoxicating liquors. ⬅143—Unlawful sales by owner not necessary to establish maintenance of nuisance.**

To justify a verdict of guilty on the charge of maintaining a common nuisance under National Prohibition Act, tit. 2, § 21 (Comp. St. Ann. Supp. 1923, § 10138½jj), it is not necessary that defendant must have made unlawful sales or have unlawful possession of intoxicating liquors, if he, with full knowledge that his premises are so used, permits and aids the tenants to unlawfully keep and sell liquor on the premises owned by him.

In Error to the District Court of the United States for the District of Minnesota; John F. McGee, Judge.

Criminal prosecution by the United States against Joe Dallas. Judgment of conviction, and defendant brings error. Affirmed.

M. C. Brady, James Robertson, and John F. Bonner, all of Minneapolis, Minn., for plaintiff in error.

Lafayette French, Jr., U. S. Atty., and George A. Heisey, Asst. U. S. Atty., both of St. Paul, Minn.

Before SANBORN, Circuit Judge, and TRIEBER and PHILLIPS, District Judges.

TRIEBER, District Judge. The plaintiff in error, hereafter referred to as the defendant, and Roxey Dallas and Henry Jenson, were jointly charged in an information containing three counts, with violations of three provisions of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The first count charged the defendants with unlawful possession of intoxicating liquors at a place of business, described as a certain soft drink bar and restaurant, located at 1329 Fourth Street South, in Minneapolis, Minn. The second count charged them with the unlawful sale of intoxicating liquors at the same premises, and the third count charged them with maintaining a common nuisance at these premises, in unlawfully keeping there intoxicating liquors.

The defendants Joe Dallas and Roxey Dallas entered pleas of not guilty and on the trial a verdict of not guilty was, by direction of the court, returned by the jury as to the defendant Roxey Dallas, a verdict of not guilty on the first two counts and a verdict of guilty on the third count against Joe Dallas returned by the jury. The only assignment of error insisted on by counsel for the defendant in the brief is: That the verdict of guilty of the charge of maintaining a nuisance, when he was found not guilty of either possessing or selling intoxicating liquors on these premises, was inconsistent, and therefore the court erred in denying defendant's motion to set the verdict aside.

Section 21 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½jj) declares: "Any room, house, building, boat, vehicle, structure, or place where intoxicating liquor is manufactured, sold, kept, or bartered in violation of this title, and all intoxicating liquor and property kept and used in maintaining the same, is hereby declared to be a common nuisance."

In order to determine whether the verdict is inconsistent it is necessary to review the evidence. That on behalf of the government was:

Harley A. Paris, a prohibition enforcement officer, testified that on May 8, 1922, he purchased a drink of whisky at the premises described in the information, where there was a soft drink bar, from one Henry Hanson, whose true name is Jenson, the defendant being present at the time and behind the bar where Hanson or Jenson was; that he knew it was colored alcohol, and that he knew from tasting such alcohol on numerous occasions before May 8, 1922, that it was colored alcohol, and contained more than one-half of 1 per cent. of alcohol by volume; that immediately thereafter two other prohibition agents entered the premises and arrested Hanson or Jenson. They had been outside, watching him when he made the

purchase. Later he went behind the bar and found no liquor, but he saw Martin Simons before he went behind the bar, go there and find between four and five ounces of moonshine whisky or colored alcohol. There were three or four whisky glasses there, same size from which he drank. Jenson said, in the presence of Joe Dallas, that Roxey Dallas owned the store and Joe Dallas the building.

Martin R. Simons, another prohibition enforcement officer, testified that he and Frank O'Neal, a former enforcement officer, since discharged, went with Paris to the place, he and O'Neal remaining outside and looking through the window, and that he saw Paris purchase a drink as testified by Paris, Jenson serving it, and the defendant was present. After testifying that, from experience, he knew, by testing or smelling, intoxicating liquors, containing more than one-half of 1 per cent. alcohol, he smelled the glass out of which Paris had drunk; that it was colored alcohol, containing more than one-half of 1 per cent. alcohol by volume. The glass had a strong odor of alcohol. He made a search behind the bar, and found a shell glass containing five ounces of colored alcohol. In the presence of Joe Dallas, Jenson stated that the defendant was the owner of the building. The bottle containing the five ounces of colored alcohol was then introduced in evidence, after having been identified as the one he found on that occasion behind the bar.

In addition to the testimony of these two witnesses, Nicholas W. Hohler testified that the bottle offered as evidence, containing five ounces of liquid, was handed to him by Simons, he being a prohibition enforcement officer in charge of the prohibition enforcement office in the federal building at Minneapolis, and, after having been sealed and labeled by him, he locked it in a locker in the office, and on May 15, 1922, he delivered it, in the same condition in which he received it, to the government chemist, Garvin D. Willams.

Mr. Williams testified that he is a chemist in the employ of the government, had made, prior to the time he made the analysis of the liquid in this bottle, handed to him for that purpose, about 5,000 analyses; that he was a graduate in chemistry from the University of Wisconsin; that the analysis showed that the liquid in the bottle, which was sealed and labeled 5264, contained 42.25 per cent. alcohol by volume.

Harold Baskfield, another prohibition agent, testified that he visited these premises on different occasions, on April 20th, April 23d, May 7th, and May 28th, in 1922; saw Joe Dallas there on these occasions, standing behind the bar. There was also a bartender there. On the occasion of April 20th he went there with three others and asked Joe Dallas for a drink; he first refused and later served them the drinks, as the taxicab driver had given one of the men a card. He knew it was alcohol which was served to him. "We took four rounds of drinks and paid him $2 for them; paid Joe Dallas for them." On April 28th he bought some drinks again from the bartender in the presence of Joe Dallas; he also treated us to a round of drinks. It was cut alcohol; saw the defendant there at other times.

The jury, in returning a verdict of not guilty on the first two counts, evidently was not satisfied beyond a reasonable doubt that the defendant was either the owner of the bar or made any of the sales, especially in view of the fact that the witnesses Paris and Simons testified that the barkeeper, Jenson, had told them in the presence of the defendant that Roxey Dallas was the owner of the bar, and the defendant the owner of the building in which the liquor was sold.

Besides, the court, in its charge, limited the jury as to the first two counts to what took place on May 8, 1922, the date alleged in the information, which excluded the testimony of the witness Baskfield as to these counts.

[1, 2] But as to the third count, the jury could and evidently did consider the testimony of all the witnesses for the government, including that of Baskfield—that of Paris and Simons that they bought intoxicating liquor in this soft drink place in the presence of the defendant, although the sales were made by the barkeeper, the testimony of the witness Baskfield of the several sales of liquor made there, and the admission of the defendant that he is the owner of the premises. If the jury believed the evidence of these witnesses, that the defendant knew that his building was used for the unlawful keeping and sale of intoxicating liquors, and that he aided others in such sales, by permitting it, they were warranted in finding him guilty on the third count. It is not necessary, to justify a verdict of guilty on the charge of maintaining a common nuisance, that the defendant must have made unlawful sales or have unlawful possession of intoxicating liquors, if he, with full knowledge that his premises are so used, permits and aids the tenants to unlawfully keep and sell intoxicating liquors on the premises owned by him. Vesely v. United States, 276 F. 693 (9th C. C. A.);

Cook v. United States, 299 F. 291 (4th C. C. A.); Steir v. United States, 2 F.(2d) 149 (1st C. C. A.).

Counsel for defendant rely on John Hohenadel Brewing Company v. United States, 295 F. 489, decided by the Circuit Court of Appeals for the Third Circuit. What the court decided in that case was that, if the government relied solely upon the facts charged in the first six counts (the first charging manufacture and the next five counts unlawful sales of beer), a verdict of guilty on the seventh count, which charged the maintenance of a common nuisance, could not be sustained, when there was a verdict of not guilty on the first six counts. In that case the sales were alleged to have been made, as in the instant case, on certain specified dates; but, as there was evidence that the brewing company had made unlawful sales of beer to one Michael O'Brien at other times than those set out in the preceding six counts, it was held that the verdict of guilty on the seventh count was not inconsistent with the verdict of not guilty on the counts charging unlawful manufacture and sales, and affirmed the judgment of conviction on that count.

The court committed no error in refusing to set the verdict aside, and, as there was substantial evidence of intoxicating liquors being kept in the building owned by the defendant, with his knowledge and consent, the judgment is affirmed.