## MOSELEY v. UNITED STATES. *

(Circuit Court of Appeals, Sixth Circuit. February 4, 1925.)

Nos. 4202, 4203.

**1. Intoxicating liquors ⬳139—Possession incident to unlawful transportation does not constitute separate offense.**

Where the possession of liquor charged in an indictment was the possession incident to its unlawful transportation, charged as a separate offense in another count, there cannot be conviction on both counts.

**2. Indictment and information ⬳114—Allegation as to prior conviction held sufficient.**

An indictment for illegal transportation *held* to sufficiently allege that it was for a second offense.

**3. Intoxicating liquors ⬳202 — Indictment charging that defendant "unlawfully did transport" liquor held sufficient.**

An indictment charging that defendant "unlawfully did transport" liquor *held* sufficient,

*Certiorari denied 45 S. Ct. 510, 69 L. Ed. —.

without alleging that he "willfully and knowingly" transported.

In Error to the District Court of the United States for the Middle District of Tennessee; John J. Gore, Judge.

Criminal prosecutions by the United States against J. H. Moseley. Judgments of conviction, and defendant brings error. Judgments affirmed.

John E. Garner, of Springfield, Tenn., and Lee Douglas, of Nashville, Tenn. (Knight & Beasley, of Nashville, Tenn., on the brief), for plaintiff in error.

A. V. McLane, U. S. Atty., of Nashville, Tenn. (Howard B. Shofner, Asst. U. S. Atty., of Nashville, Tenn., on the brief), for the United States.

Before DONAHUE, MACK, and KNAPPEN, Circuit Judges.

MACK, Circuit Judge. In each of these cases defendant was convicted and sentenced to three months' imprisonment, the sentence to run concurrently in the two cases, under an indictment framed in three counts; the first charging unlawful transportation, the second unlawful possession, and the third, after repeating the allegations of the first count, charging further a prior conviction for a similar offense, the dates of both the offense and the conviction therefor, as specified, being prior to the date charged as that of the present offense.

[1] 1. Inasmuch as the sentence was applicable to the third count in each case, we disregard the other two counts, except to note only that, as the possession charged in the second count was the possession incident to the transportation, and the transportation charged in the first count as a first offense was identical with that of the third count, a separate conviction on the first and second counts could not have been sustained.

[2] 2. The demurrer to the indictment was properly overruled. The date of the earlier offense, the date of the conviction therefor under a plea of guilty, the sentence imposed, and the docket number of the case in which the proceedings were had, sufficiently identify it as a proceeding in the same court, without an express allegation to that effect. Defendant was fully advised thereby that he was charged as for a second offense. Any further information could have been obtained by a bill of particulars.

[3] Nor is the count defective in alleging that "he unlawfully did transport," and in not alleging that he "willfully and knowingly transported." See Huth v. U. S., 295

F. 35 (C. C. A. 6). No question of double jeopardy is presented. He is not being again punished for the first offense; the fact of its commission, properly under the statute, but subjected him to a severer penalty for a subsequent similar offense.

3. The first conviction was fully proven in each case. A certified copy of the record was produced by the deputy clerk, who testified that the indictment therein was against "this defendant."

4. In case No. 4203, defendant, in an automobile, passed the prohibition officer driving in the opposite direction; the latter's suspicions were aroused; he turned; defendant speeded up, driving away; the officer followed; he saw and smelled whisky running out of broken containers in defendant's car; then followed the arrest and search of the car; defendant admitted at the time that he was hauling whiskey. On these facts, obviously no question of unlawful arrest or unreasonable seizure arises.

In No. 4202, two deputy sheriffs, informed that a quantity of liquor in a Ford car would be at a certain street, went there and hid in a garage; a Chandler car came up the alley, and the officers were able to see a five-gallon jar standing in it, uncovered, and containing a white fluid. Their informer got into the car. Thereupon they made the arrest and found 15 gallons of white or moonshine whisky. Defendant was taken to the county jail. Subsequently the federal authorities took charge of him. While the state and federal officials co-operated from time to time in liquor cases, there was no understanding with, or knowledge by, the federal officials that this arrest and search were to be made.

In this case, too, we need not consider any question of unlawful arrest or unreasonable seizure; clearly evidence obtained by the state officers was admissible, for the federal officials had nothing to do with its procurement.

Judgments affirmed.