### PORTMAN v. UNITED STATES. *
### ROSENBERG v. SAME.

Circuit Court of Appeals, Eighth Circuit.
August 29, 1929.

Nos. 8370, 8371.

*Rehearing denied November 7, 1929.

Nelson E. Johnson and Walter W. Calvin, both of Kansas City, Mo. (Charles E. Thompson, of Kansas City, Mo., on the brief), for appellant Portman.

Walter W. Calvin, of Kansas City, Mo. (Harry L. Donnelly, of Kansas City, Mo., on the brief), for appellant Rosenberg.

William L. Vandeventer, U. S. Atty., of Kansas City, Mo. (Claude E. Curtis, Asst. U. S. Atty., of Jefferson City, Mo., on the brief), for the United States.

Before STONE, BOOTH, and GARDNER, Circuit Judges.

GARDNER, Circuit Judge. On August 4, 1927, appellant Bennie Portman was indicted by the grand jury for the Western district of Missouri for the alleged crime of unlawfully, willfully, and feloniously, on or about April 14, 1927, selling one gallon of alcohol near 207 West Thirteenth street in Kansas City, Mo. The indictment also charged that Portman had been formerly convicted of an offense against the National Prohibition Act (27 USCA).

Appellant Ralph Rosenberg was informed against by an information filed by the United States district attorney for the Western district of Missouri, charging him with having on or about April 14, 1927, unlawfully and willfully sold one gallon of alcohol for beverage purposes, at or near 207 West Thirteenth street, Kansas City, Mo.

The two cases were consolidated for trial by agreement of counsel. Both defendants were found guilty by the jury. Motions in arrest of judgment and motions for new trial were interposed and denied, and separate appeals have been perfected to this court. The cases were, however, argued together, and are presented on one printed transcript of record, although separate briefs have been filed.

In the Portman case counsel seek to question the sufficiency of the indictment. No demurrer to the indictment was interposed; the question of its sufficiency is not raised by the assignment of errors filed with the petition for appeal, nor indeed was any question sought to be raised as to its sufficiency in the trial court. This would be sufficient reason for not considering the objection now urged as to this indictment. We have, however, examined the indictment and are clear that it is not subject to either of the objections sought to be raised.

██ It is urged that the venue is not sufficiently laid. The indictment recites that the grand jurors were legally chosen and selected from the Western division of the Western district of Missouri, and were duly and legally examined, sworn, and charged to inquire of and concerning crimes and offenses against the United States in the Western division of the Western district of Missouri, and the indictment charges that the defendant, at Kansas City, Jackson county, Mo., near No. 207 West Seventeenth street in Kansas City, Mo., did on the 14th day of April, 1927, unlawfully, willfully, and feloniously sell one gallon of alcohol. It is observed that the indictment recites that the grand jurors returning the same were selected, summoned, and drawn from the Western division of the Western district of Missouri, and were summoned and sworn to inquire of and concerning offenses against the United States in said Western district of Missouri, and it charges that the defendant sold liquor in Kansas City, Jackson county, Mo., designating the place and time of such alleged sale. The court will take judicial notice that Kansas City, Jackson county, Mo., is within the Western district of Missouri, and the charge was sufficiently definite under the recent holdings of this court. U. S. v. Stannard (D. C.) 207 F. 198; Myers v. U. S. (C. C. A.) 15 F.(2d) 977; Furlong v. U. S. (C. C. A.) 10 F.(2d) 492; Moseley v. U. S. (C. C. A.) 4 F.(2d) 381.

██ During the trial the government offered in evidence an information which had previously been filed against the defendant Portman in the United States District Court for the Western District of Missouri in support of the charge in the instant case that the defendant Portman had been convicted of a similar offense against the National Prohibi-

408

tion Act (27 USCA). This is now urged as error. It is to be observed, however, that no objection was made to the offer. In addition to this, during the opening statement of the district attorney, counsel for defendant Portman admitted that he had pleaded guilty to the charge alleged as the first offense in the previous indictment, and again when the record was being offered counsel for the defendant Portman stated, "We admit that there was a plea and a conviction." In his own testimony he was interrogated by his own counsel with reference to having pleaded guilty to this charge, and he again admitted that he had pleaded guilty and had paid a fine of $1,500 and served a jail sentence. It is difficult to understand how this question can now be urged in this court, but, if so, clearly it could not be claimed that any prejudice resulted to the defendant by the admission of the record in evidence. Krashowitz v. U. S. (C. C. A.) 282 F. 599; Boehm v. U. S. (C. C. A.) 21 F. (2d) 283.

■■ On cross-examination of the defendant Portman, who took the stand in his own behalf, he was interrogated as follows:

"Q. Do you know Mr. Shirley, an intelligence agent working under Mr. Nolan? A. No sir.

"Q. Isn't it a fact that Mr. Shirley was stopping at the Ritz Hotel about the first of June, and if Mr. West didn't approach you concerning a deal on some quantity of gin, and if you didn't afterwards state to Mr. Shirley, the intelligence officer, that you were onto that blankety, blankety gentleman, and that you weren't going to sell him anything? A. No sir, I don't know Mr. Shirley.

"Mr. Calvin: I move to strike out the conversation as being prejudicial, and not part of my examination in chief.

"The Court: Overruled."

It is to be noticed, first, that there was no objection interposed to this question, and, second, it was proper cross-examination. It was certainly proper to ask this defendant, who offered himself as a witness, whether he had not made a statement to the government agent Shirley. If for no other reason, it was proper as a basis for impeachment. But it was relevant to the examination in chief, and generally speaking the extent of cross-examination is a matter resting largely in the discretion of the trial court.

■■ Complaint is made that the argument of the district attorney before the jury was prejudicial. In the course of his argument the district attorney said, relative to the defendant, "that he was a large and influential bootlegger, that he was no small bootlegger,

selling in pints, but selling in one gallon cans, and was prepared to do business within this county, in large quantities." This statement was made during the argument and had reference to the testimony and the reasonable inferences that might be drawn therefrom. The statement was warranted by the evidence, as the evidence showed a sale of one gallon of alcohol. Error cannot be predicated upon an argument which is based upon testimony and such reasonable inferences as may be drawn therefrom. Gray v. U. S. (C. C. A.) 14 F. (2d) 366; Chadwick v. U. S. (C. C. A.) 141 F. 225.

■ It is also claimed by the defendant Portman that the court erred in refusing to instruct the jury to the effect that if the facts and circumstances as shown by the testimony were as consistent with innocence as with guilt, then the jury should find the defendant not guilty. The fallacy in this contention is that it assumes that the evidence was circumstantial. The evidence, however, was direct and positive, and hence the instruction was properly refused. Blanton v. U. S. (C. C. A.) 213 F. 320. There is, of course, rarely a case tried in which there is not some circumstance offered in evidence, but this does not entitle the defendant to an instruction on the theory that the case is one based upon circumstantial evidence.

■ On the appeal of Rosenberg it is urged that the evidence is insufficient to sustain the verdict of guilty. The evidence in the case produced by the government was substantially the same as that introduced against Portman, as the defendants were tried together. The direct evidence offered by the government shows that while the original negotiations for the purchase of the gallon of alcohol were had with the defendant Portman, that Portman called Rosenberg who was standing near the hotel. Both defendants got into an automobile and drove away, Portman driving. In a few minutes they returned from the opposite direction. Rosenberg was sitting beside Portman in the front seat of the car, and he personally handed to the witness West one gallon of alcohol which was inside of a paper sack.

The defense offered by Rosenberg was in the nature of an alibi. This raised a direct issue of fact for the jury. Cook v. U. S. (C. C. A.) 299 F. 291; McDonough v. U. S. (C. C. A.) 299 F. 30; Rose v. U. S. (C. C. A.) 274 F. 245; Keen v. U. S. (C. C. A.) 11 F. (2d) 260; Pane v. U. S. (C. C. A.) 2 F.(2d) 855; Woods v. U. S. (C. C. A.) 290 F. 957; Wishart v. U. S. (C. C. A.) 29 F.(2d) 103.

It is to be noted that no motion for a di-

rected verdict was interposed by counsel at the close of all the testimony, so that this question of the alleged insufficiency of the evidence was not specifically called to the trial court's attention.

The judgments of the trial court will be, and are, affirmed.