Pearson C. J.
 

 The Revised Code (ch. 12) provides in general terms for proceeding against the putative father in the county where the child is born, to compel him to give bond for the maintenance of the child so as to-indemnify the county against the charge of its maintenance.
 

 In most cases the child is born in the county where the mother has her
 
 settlement,
 
 and there is no difficulty in regard to the county in which the proceeding should be instituted.
 

 But sometimes, as in our case, the child is born in one county, and the settlement of the mother is in another county, which makes it necessary to put a construction on the statute, in order to see to which of the two counties the jurisdiction belongs. Indeed, the question might be still further complicated if we suppose Granville to be the county of settlement, Franklin the county of domicil, and that the mother while on a visit to Wake is delivered of the child.
 
 *462
 
 Here Wake has the honor of its nativity, and construction must be resorted to in order to arrive at the meaning as to which of the three counties has jurisdiction.
 

 Upon the question of construction it will be seen that the general police regulations on the subject of paupers are contained in the statute — Revised Code, ch. 86, “Poor” — and that the statute under consideration, and the statute Revised Code, ch. 5 “Apprentices,” are supplements to the “Poor” act, and intended to carry out its provisions in regard to children who are paupers. So the three statutes make one system, and are to be construed together.
 

 The “Poor” act imposes upon every county the burthen of supporting all persons having a settlement in it, who are paupers, or who may become paupers. It provides that no one shall gain a settlement in a county unless by continuous residence for one year; and authorizes the county into which a pauper, or one who is likely to become chargeable has come, to have him sent back to the county where he has a settlement, at any time within the year; and it declares that illegitimate children shall follow and have the settlement of their mother at the time of their birth, if she then has any settlement in the State; and that neither legitimate nor illegitimate children shall gain a settlement by birth in the county in which they may be born, if neither of their parents had any settlement therein.
 

 In other words, the liability of the county for the maintenance of a bastard child is fixed not by its birth but by the settlement of its mother at the time of its birth.
 

 The object of the bastardy act is to compel the putative father to indemnify the county chargeable with the maintenance of the child — that is the county where the mother has a settlement at the time of its birth. It follows that where a bastard child happens to be born in a county not
 
 *463
 
 chargeable with its maintenance, the words, “the county where such child shall be born,” must give way and be construed to mean the county chargeable with its maintenance; otherwise we “stick in the bark” and have the absurdity of a county not chargeable taking a bond for its indemnity, while the county that is chargeable is left without relief.
 

 Suppose a woman who has her domicil and also settlement in the county of Granville, goes on a visit into the county of Franklin, and while there is delivered of a bastard child, and then takes her child and goes back home; no one will say that Franklin has jurisdiction, although the child was born in that county, for that county needs no indemnity; and every one will say that Granville is the proper county to institute the proceeding, for that is the county chargeable and consequently, that is the county authorized to require indemnity. So, as was the case in
 
 State
 
 v.
 
 Roberts,
 
 10 Ire., 350, if a woman having a domicil and settlement in the county of Brunswick, goes into the county of New Hanover, on purpose to be delivered there, and then goes back to Brunswick, the latte? county has jurisdiction, because it is the county chargeable with the maintenance of the child, and New Hanover has no concern in it although the child be born in that county.
 

 It is true Judge Nash in his opinion lays stress on the fact that the woman went into the county of New Hanover,
 
 mala fide,
 
 on
 
 purpose
 
 to be delivered, and then went back. To prevent misapprehension Judge Ruffin also filed an opinion in which the decision is distinctly put on the ground that the substance of the provision is to indemnify the county legally chargeable with the maintenance of the child. That case is followed by
 
 State
 
 v.
 
 Jenkins,
 
 12 Ire., 121. The child was born in the county of Richmond, where the mother had her domicil and settlement; she then with her child removed to the county of Montgomery, where she resided more
 
 *464
 
 than two years, by which continuous residence she gained a settlement in. Montgomery. The proceeding under the bastardy act, instituted in the county of Richmond, was dismissed for the want of jurisdiction, on the ground that, although the child was born in Richmond, that county was not chargeable, and therefore had no. right to require any indemnity.
 
 State
 
 v.
 
 Roberts supra,
 
 is cited as settling the construction that the jurisdiction belongs to the county chargeable with the maintenance of the child, and not to the county in which it was born.
 

 This case is on all-fours with our case; and it is even stronger, for there the county in which the child was born was the county of the mother’s domicil and settlement; whereas in our case the county in which the child was born (Franklin) was only the county of the mother’s domicil, and Granville was the county of her settlement. The same construction is put on the kindred statute Rev. Code, ch. 5, “Apprentices.” Ferr
 
 ell
 
 v.
 
 Boykin, ante,
 
 9. The mother of a base born child removed with it from the county of Nash, where she had a settlement, into the county of Wilson, but ‘had not resided there continuously for one year. It is held that Nash, being the county of settlement, was the proper county to bind out the child, as it had no settlement in Wilson. The mother by a
 
 bona fide
 
 removal to Wilson, had acquired a domicil there. So in our case the mother had by a
 
 bona fide
 
 removal into Franklin acquired a domicil there; but in neither case had the mother acquired a
 
 settlement
 
 in the county to which she removed. And the county of the settlement is the proper county to bind out apprentices, and to institute proceedings in bastardy, for that is the county chargeable with the maintenance of the child.
 

 It is clear from the authorities cited, and the “reason of the thing,” that the county where the child is begotten and where it is born are immaterial circumstances. The gist of
 
 *465
 
 the matter is, which is the county of settlement ?
 
 i.
 
 e., the county chargeable with the maintenance of the child.
 

 Domicil is the county in reference to the probate of wills, and grants of letters of administration, and, being merely personal, the old domicil may be changed for a new one, simply by removal from one county into another.
 

 Settlement
 
 is the county in reference to a liability to support those who are paupers or may become paupers. And, as this is a matter which affects the county, a new settlement cannot be gained without a continuous residence of one year in the county to which the party has removed.
 

 Although in most cases the county of domicil and the county of settlement an the same, yet they are sometimes different, as in our case Granville is the county of settlement, and therefore chargeable with the maintenance of the bastard child. Franklin is the countyj of domicil, but is not chargeable. We can only account for the error into which the learned judge has fallen, by supposing that his attention was not called to this distinction.
 

 There is error. Judgment reversed. Judgment to be for defendant. This will be certified, &c.
 

 Per Curiam. Judgment reversed.