THE STATE, upon the relation of NARCISSA APPLEWHITE, *v.* RUFUS D. HALES.

In bastardy cases the jurisdiction of the justice to issue the warrant before the birth of the child, depends upon the domicil of the mother at the time, and not on her legal place of settlement; and if the mother continues to reside in the same county until the birth of her child, making her whole residence therein more than twelve months, the full jurisdiction of the case will be in that county.

The case of the *State* v. *Elam*, Phil. Law Rep. 460, cited and approved.

This was a proceeding in bastardy, in which the defendant put in a special plea to the jurisdiction, and the following case agreed was submitted to his Honor, CLARKE, J., at the Fall Term, 1870, of WAYNE Superior Court. The relator, Narcissa Applewhite, at the date of the warrant, had been a resident of Wayne county for only six months, she having previously resided and had her domicil in the county of Wilson. After the issuing of the said warrant she continued to reside in the county of Wayne until the birth of her child, which took place more than twelve months after her residence in the county of Wayne began. His Honor, being of opinion with the plaintiff, gave judgment sustaining the jurisdiction of the Court of Wayne county, and the defendant appealed to the Supreme Court.

*Bragg & Strong,* for the defendant.
*Attorney General,* for the State.

RODMAN, J. The defendant objects that the Justice of the Peace, when he issued his warrant in April, 1869, requiring the relator to appear before him, &c., did not have jurisdiction, because the relator, not having resided for twelve months in Wayne county, had acquired no settlement there. He contends that the subsequent birth of the child after a settlement did not validate the previous unauthor-

ized proceeding.  The language of the statute (Rev. Code, chap. 12, sec. 1,) furnishes an answer to this objection: " Any Justice of the Peace, upon his own knowledge, or information made to him that any single woman *within his county* is big with child," &c., " may cause her to be brought before him," &c.  The jurisdiction of the Justice to issue the warrant, before the birth of the child, depends on the present domicil of the mother, and not on her legal place of settlement.  If the defendant, immediately upon the return of the process against him, had moved to quash, for the want of jurisdiction, his motion could not have availed ; for he would have been obliged to have shown what county had jurisdiction, which, depending as it did on the settlement of the mother at the birth of the child, could not be known before.  That this is the test was distinctly declared in *State* v. *Elam*, Phil. Law 460.  Had the birth taken place whilst the legal settlement of the mother was in the county of Wilson, the defendant might successfully have moved to quash.  But at the birth she had acquired a settlement in Wayne, which county alone was likely to become subject to the charge, and which therefore was the one entitled to be indemnified.  This is the principle which governed the decision in *State* v. *Elam*.

The judgment of the Court below is affirmed ; the defendant must answer the charge.  Let this opinion be certified.

PER CURIAM.                    Judgment affirmed.