## STATE and ROXANA WOODING *v.* CARR GREEN.

Where a Justice of the Peace neglected, in a proceeding in bastardy, to recognize the defendant to appear at the next term of the Superior Court, but returned the warrant and examination thereto, a *capias* is the proper process to enforce the defendant's appearance, and he is bound to answer upon its return.

(*State* v. *Palin*, 63 N. C. Rep. 471: *State* v. *Hales*, 65, N. C. Rep. 244; *Beatty's Case*, 66 N. C. Rep. 648; *State* v. *Pate*, Busb. 244, cited and approved.)

PROCEEDING in bastardy, commenced in a Justices' Court, and returned to the Superior Court of JACKSON county, where it was tried before *Cannon, J.*, at Spring Term, 1874.

The facts material to an understanding of the decision of the Court, are substantially as follows :

The defendant appeared at the house of the magistrate upon the return day of the warrant, but there was no Court held, nor was the defendant recognized for his appearance at Court. Afterwards the magistrate returned the warrant and examination to Court, and a *capias* by order of the Solicitor issued, and the defendant was arrested. When the case was called, the defendant moved to be discharged from custody on the grounds that the *capias* had been improperly issued, and that he had been unlawfully arrested.

His Honor allowed the motion, and ordered the discharge of the defendant. The Solicitor appealed.

*Attorney General Hargrove*, for the State.

No counsel in this Court for the defendant.

BYNUM, J.   The case assumes that all the proceedings of the Justice were regular, up to his failure to take the recognizance required by law for the appearance of the defendant at Court. It was irregular in the Justice not to take, and in the defendant not to give, the recognizance required by law, but the sole purpose of bringing the defendant before the Justice was to secure his appearance at Court to answer the charge. He could make no defence before the Justice, whose duty was merely ministerial, to bind him over to Court, where only he could be heard and make his defence. The defendant knew the charge, and that he must answer it before the very tribunal to which the *capias* brought him. He was therefore *in Court*, however crooked the journey which brought him there, and being there, it was the right and duty of the Court to exercise its jurisdiction and determine the case.

If one charged by indictment comes into the presence of the Court, having jurisdiction, it will, on motion, order him into custody to answer, why then shall the Court discharge from custody an offender who is not only in Court, but there under arrest, to answer the very charge.

Art. 1, sec. 16 of the Constitution, abolishing imprisonment

for debt, has no appilcation here, and *capias* was the proper process to bring the defendant into Court. Bat. Rev. ch. 9, sec. 3. *State* v. *Palin,* 63 N. C., 471; 65 N. C., 244; 66 N. C., 648. *State* v. *Pate,* Busb. 244.

There is error.

PER CURIAM.    Judgment reversed and *venire de novo.*