THE STATE v. W. A. RITCHIE.

*Escape—Indictment.*

1. An escape is defined to be when one who is arrested gains his liberty before he is delivered in due course of law.
2. An indictment lies, at common law, independent of the statute (*The Code,* § 1022), against an officer who permits the escape of one arrested upon a bastardy warrant.

This was an Indictment for Escape, tried at Spring Term, 1890, of STANLY Superior Court, before *Shipp, J.*

The bill of indictment charged that the defendant had arrested one J. L. Ritchie under and by virtue of a certain

warrant for bastardy. The defendant made a motion to quash the bill, upon the grounds that it did not charge a "crime or misdemeanor, or that the defendant was acting by virtue of any *capias* issuing on a bill of indictment, information or other criminal proceeding; that bastardy is not a crime or misdemeanor."

Motion allowed, and the Court gave judgment quashing the bill and discharging the defendant. Appeal by the State.

*The Attorney General* and *Mr. R. H. Battle,* for the State.
No counsel *contra.*

CLARK, J.: An escape is defined — "when one who is arrested gains his liberty before he is delivered in due course of law." 1 Russ. Crimes., 467. And by another eminent authority, tersely, as "the departure of a prisoner from custody." 2 Whart. Cr. L., § 2606.

These definitions are cited and approved by SMITH, C. J., in *State* v. *Johnson,* 94 N. C., 924.

The indictment charges, in proper and sufficient terms, that the prisoner was arrested by the defendant by authority of a warrant for bastardy, and that the defendant subsequently unlawfully and negligently permitted the prisoner to escape. The warrant for bastardy was legal and sufficient authority to arrest such prisoner. *The Code,* § 32; *State* v. *Palin,* 63 N. C., 471; *State* v. *Green,* 71 N. C., 172.. The indictment was, therefore, valid at common law, as may be seen from above citations. This renders it unnecessary to consider whether the indictment was not also sufficient under the statute (*The Code,* § 1022). The motion to quash was improvidently allowed.

Error.