<hr />

### ORTH v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. July 6, 1918.)

No. 1600.

1. ESCAPE ⬤⟲5—ASSISTANCE—OFFENSE.

An escape from a federal penitentiary was complete, when the physical control over the convict was ended by his flight beyond immediate active pursuit, and one subsequently aiding and assisting him to escape discovery and arrest was not aiding his escape, within Criminal Code, § 141 (Comp. St. 1916, § 10311).

<hr />

2. CRIMINAL LAW ☞1175—ERRONEOUS CONVICTION ON COUNT—EFFECT AS TO CONVICTION ON ANOTHER COUNT.

An erroneous conviction under Criminal Code, § 141 (Comp. St. 1916, § 10311), for assisting a convict to escape from a federal penitentiary, did not affect a conviction on a second count thereunder for harboring and concealing the convict, and would not require a new trial, where the only prejudice to defendant was a cumulative sentence of twelve months, which was in excess of the statutory maximum of six months for a single offense.

3. INDICTMENT AND INFORMATION ☞129(1)—SEPARATE CRIMINAL ACTS—SINGLE TRANSACTION—COUNTS.

Separate criminal acts in a single transaction may be split up into as many counts relating to the transaction as the United States attorney may think necessary, so that, if the proof is insufficient for a conviction on one count, the government may have its benefit on another charge to which it is applicable.

4. CRIMINAL LAW ☞971(1)—CONVICTION—SEPARATE COUNTS—ARREST OF JUDGMENT.

A conviction on all of the counts, charging separate criminal acts in a single transaction, is not available as a ground for arrest of judgment.

5. CRIMINAL LAW ☞933—CONVICTION—SEPARATE COUNTS—NEW TRIAL.

A conviction on all of the counts for a separate criminal act in a single transaction is not available as a ground for a new trial.

6. CRIMINAL LAW ☞1188—APPEAL—REMAND—SENTENCE—REDUCTION.

On an erroneous conviction on a count for aiding a convict to escape from a federal penitentiary, and on a proper conviction on a count for harboring and concealing the convict, both parts of a single transaction, within Criminal Code, § 141 (Comp. St. 1916, § 10311), imposing an imprisonment of not more than six months for each related offense, where there should have been but one sentence, not exceeding six months, defendant, sentenced to imprisonment for twelve months, was entitled to have the case remanded for sentence according to law.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Albert Orth was convicted of the statutory offense of aiding a federal convict to escape, and of harboring and concealing such convict, and he brings error. Remanded for resentence.

Paul M. Macmillan, of Charleston, S. C., for plaintiff in error.

J. Waties Waring. Asst. U. S. Atty., of Charleston, S. C. (Francis H. Weston, U. S. Atty., of Columbia, S. C., on the brief), for the United States.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. The defendant was convicted and sentenced under an indictment charging violation of the following statute:

"Whoever shall rescue or attempt to rescue, from the custody of any officer or person lawfully assisting him, any person arrested upon a warrant or other process issued under the provisions of any law of the United States, or shall, directly or indirectly, aid, abet, or assist any person so arrested to escape from the custody of such officer or other person, or shall harbor or conceal any person for whose arrest a warrant or process has been so issued, so as to prevent his discovery and arrest, after notice or knowledge of the fact that a warrant or process has been issued for the apprehension of such person,

shall be fined not more than one thousand dollars, or imprisoned not more than six months, or both." Criminal Code, § 141 (Act March 4, 1909, c. 321) § 141, 35 Stat. 1114 (Comp. St. 1916, § 10311).

The first count charged that the defendant aided, abetted, and assisted Robert Fay, a person under arrest and convicted under the laws of the United States, and in the custody of the warden of the United States penitentiary at Atlanta, to escape from that custody. The second count charges that the defendant harbored and concealed the convict, Robert Fay, so as to prevent his discovery and arrest. The defendant was convicted under both counts, and sentenced to imprisonment for twelve months and a fine of $1,000 and the costs of the prosecution.

[1] Fay escaped from the Atlanta penitentiary on August 29, 1916. On September 23, 1916, he appeared in Charleston, S. C., where the defendant lived, and as the evidence tended to show was by the defendant aided and protected, and assisted to leave Charleston. Under this state of the proof, the defendant's counsel requested the District Judge to direct a verdict of acquittal on the first count of the indictment. The motion was refused, and the defendant was convicted on both counts. We think the motion should have been granted. The evidence furnished no foundation for conviction of the charge of aiding Fay to escape from lawful custody. When the physical control has been ended by flight beyond immediate active pursuit, the escape is complete. After that aid to the fugitive is no longer aiding his escape. 2 Wharton, Cr. L. 2606; 1 Russell on Crimes, 467; 10 R. C. L. 579; Smith v. State, 8 Ga. App. 297, 68 S. E. 1071; State v. Ritchie, 107 N. C. 857, 12 S. E. 251. The evidence is clear that Fay had escaped altogether from the Atlanta penitentiary, and was at large entirely free from custody for some days before the defendant, Orth, rendered him assistance in Charleston.

[2] But this conclusion does not effect the conviction on the second count charging that the defendant harbored and concealed Fay. Nor does it require a new trial, for the only prejudice to the defendant was in the cumulative sentence of twelve months, which was in excess of the statutory maximum for a single offense.

[3-5] Separate criminal acts in a single transaction may be split up into as many counts relating to the transaction as the United States attorney may think necessary, so that if the facts as proved turn out to be insufficient for conviction on one count the government may have the benefit of them on another charge to which they are applicable, and a verdict of conviction on all of the counts is not available as a ground for arrest of judgment or for a new trial. United States v. Dickinson, 2 McLean, 328; Fed. Cas. No. 14,958; Reg. v. Truman, 8 Car. & P. 727; United States v. Howell (D. C.) 65 Fed. 402, and authorities cited.

[6] In this case under a single state of facts and a single course of conduct, the defendant was charged in one count with aiding, abetting, and assisting Fay to escape. and in the other with harboring and concealing Fay as an escaped convict, so as to prevent his discovery and arrest. The punishment for both offenses is precisely

the same. The conviction being under the same statute denouncing related offenses and being based on one act or course of conduct, there should have been but one sentence, not exceeding the maximum fixed by the statute, But the only relief to which the defendant is entitled is to have the case remanded, so that the sentence may be imposed according to law. Stevens v. McClaughry, 207 Fed. 18, 125 C. C. A. 112. 1 L. R. A. (N. S.) 390; Halligan v. Wayne, 179 Fed. 112, 102 C. C. A. 410; Munson v. McClaughry, 198 Fed. 72, 117 C. C. A. 180, 42 L. R. A. (N. S.) 302; O'Brien v. McClaughry, 209 Fed. 816, 126 C. C. A. 540; Williams v. United States, 168 U. S. 382–398, 18 Sup. Ct. 92, 42 L. Ed. 509; Ulmer v. United States, 219 Fed. 641, 134 C. C. A. 127.

It is therefore adjudged that the case be remanded to the District Court for resentence of the defendant.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes