## PHILLIPS v. UNITED STATES. *

(Circuit Court of Appeals, Fifth Circuit. April 7, 1920.)

No. 3317.

1. **Indictment and information** ⬅️131—**Counts for felony and misdemeanor may be joined.**

The general rule now is, independently of statute, that felonies and misdemeanors, following part of the development of the same transaction, may be joined in the same indictment in different counts.

2. **Indictment and information** ⬅️131—**Counts for felony and misdemeanor may be joined.**

Under Rev. St. § 1024 (Comp. St. § 1690), different offenses arising out of the operation of a still may be charged in different counts of the same indictment, although some are felonies and others misdemeanors.

3. **Criminal law** ⬅️970(6)—**Objection to indictment for misjoinder of offenses cannot be taken by motion in arrest.**

Objection for misjoinder of offenses in an indictment, where no motion was made to require election between counts, cannot be taken after verdict by motion in arrest.

4. **Criminal law** ⬅️878(2)—**General verdict of guilty applies to all counts.**

A general verdict of guilty, nothing else appearing, is a verdict of guilty on all counts in the indictment.

5. **Criminal law** ⬅️892—**Formal entry of sentence may be made at succeeding term.**

Where, on return of a verdict of guilty, oral sentence is pronounced in defendant's presence and entered in the minutes, defendant's rights are not affected by the fact that formal sentence was not entered until a succeeding term.

In Error to the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

Criminal prosecution by the United States against Anthony Phillips. Judgment of conviction, and defendant brings error. Affirmed.

Frederick T. Saussy, of Savannah, Ga., for plaintiff in error.
John W. Bennett, U. S. Atty.

Before WALKER, Circuit Judge, and CALL and HUTCHESON, District Judges.

HUTCHESON, District Judge. This writ of error is prosecuted from the action of the court below in denying a motion filed in arrest of judgment, and in proceeding to judgment on a verdict of guilty. The errors assigned are: (1) That the indictment is void, since it joins charges of misdemeanor and felony; (2) that the verdict is

uncertain and void, as not determining the count or counts under which defendant was convicted, some of the counts of the indictment charging felony, and some misdemeanor; (3) because the indictment misjoined offenses, a portion of the offenses charged being entirely disconnected from others; and (4) that no formal judgment of conviction was entered until the term following the verdict.

The indictment charged the defendant with violation of the law in connection with the maintenance and operation of a still—the first count covering the possession without registration; the second count, carrying on the business without having given bond; the third count, carrying on the business with intent to defraud the tax; the fourth count, with unlawfully working in a distillery on which the registered distillery sign was not placed. The first three counts charge felony; the fourth, a misdemeanor.

[1] While it may be conceded that the common law did not permit the joinder of a felony with a misdemeanor in the same indictment, even in separate counts thereof, the common-law rule has been greatly modified by numerous decisions, under which the general rule now is that felonies and misdemeanors, forming part of the development of the same transaction, may be joined in the same indictment in different counts, and this even where not affected by statute. See Standard Ency. of Procedure, vol. 12, p. 522.

[2] Under section 1024 of the Revised Statutes of the United States (Comp. St. § 1690), which provides:

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated"

—counts in an indictment may be properly joined, although one be for misdemeanor, and one for felony. United States v. Ridgway (D. C.) 199 Fed. 286; Glass v. U. S., 222 Fed. 773, 138 C. C. A. 321; Kreuzer v. United States, 254 Fed. 34, 165 C. C. A. 444. For these reasons, the first assignment is overruled.

[3] The third assignment of error, claiming misjoinder because one count applied to lawful and the other to unlawful distilleries, must also be overruled, since it is a well-established rule, often embodied in statutes, like section 1024, supra, that different offenses relating to or arising out of the same act, transaction, or event may be charged in separate counts of the same indictment, or information (Standard Ency. of Procedure, vol. 12, p. 528; Orth v. United States, 252 Fed. 566, 165 C. C. A. 16), and for the further reason that the point taken as to these indictments is taken not upon motion to require the government to elect between counts, but upon motion in arrest of judgment. It is well settled that this cannot be done. In Logan v. United States, 144 U. S. 297, 12 Sup. Ct. 627, 36 L. Ed. 429, it was said of a similar assignment:

"Having gone to trial, without objection, on the indictments as consolidated under the last order of the court, it was not open to any of [the defendants] to take the objection for the first time after verdict."

This leaves for consideration only the matter of the claimed error arising out of the fact that the verdict was a general verdict of guilty, and that no formal judgment of conviction was entered at the May term.

[4] As to the first, it is sufficient to say that a general verdict of guilty, nothing else appearing, is a verdict of guilty on all the counts in the indictment, and no error in such a verdict can be raised by motion in arrest of judgment, certainly where the record contains none of the proceedings, such as the evidence or the charge which led up to, and on which the verdict was based.

[5] As to the second, no right of the defendant was involved in the form of the sentence; it appearing that the defendant was present in open court when the original sentence and minute entry was made on July 16, 1918, and also when the resentence occurred on October 2, 1918. The true rule on this point is stated in 8 Ruling Case Law, p. 235:

"In practice, sentence is pronounced orally, and when this has been done in the defendant's presence, he has been accorded the full measure of his right, and the court may afterwards write out the sentence in his absence."

Finding no error in the record, the judgment is affirmed.