## UNITED STATES ex rel. SILVERSTEIN v. HECHT, U. S. Marshal.

(District Court, S. D. New York.    June 29, 1923.)

1. Conspiracy ⊂⇒28—Conspiracy to aid convict to escape from hospital held "conspiracy" to aid escape within statute.

Conspiracy to aid convict to escape from hospital, where he had been placed under guard by warden of federal penitentiary, was conspiracy to aid in escape within Criminal Code, § 141 (Comp. St. § 10311), regardless of whether commitment to hospital was valid.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conspiracy.]

2. Criminal law ⊂⇒242(7)—Evidence in removal proceedings, under indictment charging conspiracy to aid convict to escape, held to show probable cause.

Evidence in removal proceedings, under indictment charging conspiracy to aid convict to escape, in violation of Criminal Code, § 141 (Comp. St. § 10311), held to show probable cause.

3. Escape ⊂⇒5—Convicts committed to federal penitentiary held subject to statute relating to escape.

Convicts committed to federal penitentiary are persons "arrested upon a warrant or other process under the provisons of any law of the United States," within Criminal Code, § 141 (Comp. St. § 10311), as statute does not relate merely to assisting escape before conviction and commitment.

Habeas Corpus.    Proceeding by the United States, on the relation of Abe Silverstein, against William C. Hecht, United States Marshal for the Southern District of New York.    Writ dismissed.

Affirmed in 10 F.(2d) 371.

Wahle & Kringel, of New York City (Charles G. F. Wahle, of New York City, of counsel), for relator.

William Hayward, U. S. Atty., of New York City (Charles J. Marasco, Asst. U. S. Atty., of Tarrytown, N. Y., of counsel), for U. S. Marshal.

AUGUSTUS N. HAND, District Judge. Two points are made in resistance to the removal proceeding: (1) That the indictment does not state a crime; (2) that the evidence before the commissioner fairly negatives probable cause.

[1] The charge that the defendants conspired to assist Gerald Chapman to escape from the custody of an officer of the United States is, I think, borne out by the indictment.    Chapman had escaped from the Atlanta penitentiary, had been wounded in a recapture, and was placed by the warden in St. Mary's Hospital, Athens, Ga., for care and treatment, in the custody of one Michael S. McCarty, "a guard acting for and under the authority of the warden of the United States penitentiary at Atlanta, Georgia." McCarty is to be taken as an alter ego of the warden, and it therefore becomes unimportant whether there was a valid commitment to St. Mary's Hospital or not.    If he was in the custody of the warden, he surely was lawfully held, and had no right to escape, and a conspiracy to aid him in getting out of the possession of the warden was a conspiracy to aid in an escape.    The indictment, therefore, is valid on its face, and the facts in this case are not to be confused with those in Orth v. United States, 252 F. 566, 165 C. C. A. 16, where it was held that assisting an escaped prisoner to flee is not aiding an escape.

[2] In regard to the contention that probable cause was not established by the government before the commissioner, Miss Ramey, a nurse at St. Mary's Hospital, testified that she had a conversation with Chapman in the hospital, received a letter from him, and delivered it to the defendant, Silverstein, and the latter gave it to Didato.    Didato read the letter and said: "We have got to buy an automobile, but we cannot do it, because we have seen you too late.    We cannot buy one in Athens. * * * If they had known it sooner, they could have gone over to Atlanta and come back; but, as it was, they had to do as best they could."

Miss Ramey testified that she brought no word back from the defendants to Chapman, but said that he disappeared from the ward in the hospital where he was confined that night, and both the allegations of the indictment and the testimony indicate that he then escaped from the custody of the guard.

The counsel for defendants contends that the conspiracy is shown at most to have been only thought of, but never to have been entered upon.    The defendants did, however, go to Athens, Ga., make an appointment with the nurse, and receive through her a communication from Chapman.    These things reinforce the allegations of the indictment. No contradictory evidence was submitted. [3] I cannot agree with the defendant's counsel that section 141 of the Criminal Code (Comp. St. § 10311) only relates to assisting in the escape of persons before conviction and commitment.    In the discussion in Orth v. United States, 252 F. 566, 165 C. C. A. 16, no such theory was suggested.    I think defendants committed to the Atlanta pen-

itentiary are persons "arrested upon a warrant or other process under the provisions of any law of the United States."

The writs should be dismissed, and removal ordered.