USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 95-1207 UNITED STATES OF AMERICA, Appellee, v. ANTHONY S. DESTEFANO, Defendant, Appellant. __________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ __________________________ Before Selya, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ __________________________ Walter F. McKee, with whom Lipman and Katz, P.A. was on ________________ ______________________ brief, for appellant. Helene Kazanjian, Assistant United States Attorney, with _________________ whom Jay P. McCloskey, United States Attorney, and Jonathan R. _________________ ___________ Chapman, Assistant United States Attorney, were on brief, for the _______ United States. __________________________ July 12, 1995 __________________________  SELYA, Circuit Judge. A jury in the United States SELYA, Circuit Judge. ______________ District Court for the District of Maine found appellant guilty, inter alia, of assisting an escape in violation of 18 U.S.C.  _____ ____ 752(a).1 Appellant says that the district court shunned a jury instruction crucial to his defense. Discerning no error in the lower court's eschewal of the requested instruction, we affirm. I. BACKGROUND I. BACKGROUND Following Philip DeStefano's arrest and indictment on federal narcotics charges, the government housed him at a county jail. DeStefano contacted his younger brother, defendant- appellant Anthony S. DeStefano, and solicited assistance in a contemplated escape. He told appellant to park his van at a specific location at a specific time, and await developments. Appellant agreed. At approximately 8:30 p.m. on September 8, 1994, Philip DeStefano bolted. After another prisoner boosted him over an interior fence, he scaled an exterior fence topped by barbed wire, took his leave of the jailhouse grounds, and followed the  ____________________ 1The statute of conviction provides in pertinent part: Whoever rescues or attempts to rescue or instigates, aids or assists the escape or attempt to escape, of any person arrested upon a warrant or other process issued under any law of the United States, or committed to the custody of the Attorney General or to any institution or facility by his direction, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be [punished as provided by law]. 18 U.S.C. 752(a) (1988). 2 railroad tracks for a short distance. As he travelled along the tracks, he spotted officers conversing casually near the jail. Realizing that the guards had not yet discovered his departure, he discarded his distinctively colored prison shirt and sauntered across a parking lot to appellant's van. The two brothers then drove toward friendlier climes. The authorities became aware of the escape at approximately 11:30 p.m. By then, the DeStefano brothers had a three-hour head start. Several days later, lawmen captured them in New York. Federal prosecutors charged appellant with assisting an escape in violation of 18 U.S.C. 752(a) and with concealing an escaped prisoner in violation of the harboring statute, 18 U.S.C. 1072.2 We omit any exegetic account of the intervening proceedings and cut directly to the heart of the appeal. Appellant pleaded not guilty and stood trial. At trial's end, he requested the following jury instruction: When the physical control has ended by flight beyond immediate active pursuit, the escape is complete. Any assistance beyond this point is not aiding and abetting. The district court refused to give this instruction in haec ____  ____________________ 2The harboring statute provides: Whoever willfully harbors or conceals any prisoner after his escape from the custody of the Attorney General or from a Federal penal or correctional institution, shall be imprisoned not more than three years. 18 U.S.C. 1072 (1988). 3 verba, instead telling the jury that: _____ The crime of aiding or assisting an escape cannot occur after the escapee reaches temporary safety. After that, aid or assistance to a fugitive is no longer aiding or assisting his escape, whatever else it might be. Appellant took a timeous objection to the charge, see Fed. R. ___ Crim. P. 30, on the ground that the court should have given the "flight beyond immediate active pursuit" instruction, and that its failure to do so undermined the defense. The jury found appellant guilty on both counts (assisting an escape and harboring an escapee). Following imposition of sentence, appellant perfected this appeal. He challenges only his conviction under 18 U.S.C. 752(a). II. DISCUSSION II. DISCUSSION This is a rifle-shot appeal that draws a bead on the district court's refusal to embrace the "flight beyond immediate active pursuit" instruction. The standard of review is ironclad: "The trial court's refusal to give a particular instruction constitutes reversible error only if the requested instruction was (1) correct as a matter of substantive law, (2) not substantially incorporated into the charge as rendered, and (3) integral to an important point in the case." United States v. ______________ McGill, 953 F.2d 10, 13 (1st Cir. 1992); accord United States v. ______ ______ _____________ Nason, 9 F.3d 155, 161 (1st Cir. 1993), cert. denied, 114 S. Ct. _____ _____ ______ 1331 (1994); United States v. Gibson, 726 F.2d 869, 874 (1st ______________ ______ Cir.), cert. denied, 466 U.S. 960 (1984). _____ ______ To be sure, a defendant has a right to an instruction 4 on his theory of the case as long as that theory is valid and is supported by the record. See United States v. Flores, 968 F.2d ___ ______________ ______ 1366, 1367 (1st Cir. 1992). But, that right is not a license "to put words in the judge's mouth." McGill, 953 F.2d at 12. Jury ______ instructions are intended to furnish a set of directions composing, in the aggregate, the proper legal standards to be applied by lay jurors in determining the issues that they must resolve in a particular case. See Calhoun v. Acme Cleveland ___ _______ ______________ Corp., 798 F.2d 559, 564 (1st Cir. 1986). Provided that the _____ charge satisfies this need, the court's choice of language is largely a matter of discretion. The rule in this circuit, therefore, is that "[s]o long as the charge sufficiently conveys the defendant's theory, it need not parrot the exact language that the defendant prefers." McGill, 953 F.2d at 12; accord United States v. Mejia-Lozano, 829 ______ ______ _____________ ____________ F.2d 268, 272 (1st Cir. 1987). By the same token, the judge is not obligated to instruct on every particular that conceivably might be of interest to the jury. See United States v. Nazzaro, ___ _____________ _______ 889 F.2d 1158, 1167 (1st Cir. 1989); United States v. Rule _____________ ____ Indus., Inc., 878 F.2d 535, 543 (1st Cir. 1989). On appeal, the ____________ central inquiry reduces to whether, taking the charge as a whole, see Francis v. Franklin, 471 U.S. 307, 315 (1985); Cupp v. ___ _______ ________ ____ Naughten, 414 U.S. 141, 146-47 (1973), the instructions ________ adequately illuminate the law applicable to the controlling issues in the case without unduly complicating matters or misleading the jury. See United States v. Alzanki, ___ F.3d ___, ___ _____________ _______ 5 ___ (1st Cir. 1995) [No. 94-1645, slip op. at 8]; Davet v. _____ Maccarone, 973 F.2d 22, 26 (1st Cir. 1992) (listing other cases). _________ Predictability and consistency are important in the law, and judges tend to use the same phrases over and over in explaining particular concepts to jurors. Appellant argues that he wanted no more than to have the district court use time- honored language here, and that the court should have yielded to his entreaty. He points to three precedents that he says cast the court's disavowal of the "flight beyond immediate active pursuit" articulation into disrepute. We examine each of these cases. In Orth v. United States, 252 F. 566 (4th Cir. 1918), a ____ _____________ prisoner fled from a Georgia penitentiary. Four weeks later, he appeared on the defendant's doorstep in South Carolina, seeking asylum. The defendant lent a helping hand. A jury subsequently convicted Orth on a charge of assisting a convict to escape.3 The Fourth Circuit reversed, holding that by the time Orth became involved, the event of escape had long since concluded. The court stated: "When the physical control [over the prisoner] has been ended by [his] flight beyond immediate active pursuit, the escape is complete." Id. at 568. Once that point has passed, ___ assisting the fugitive can no longer be considered assisting the escape. See id. A second case that appellant cherishes, United ___ ___ ______ States v. Vowiell, 869 F.2d 1264 (9th Cir. 1989), embraced the ______ _______  ____________________ 3The conviction eventuated under an earlier, substantially similar version of the present 18 U.S.C. 752(a). 6 reasoning of the Orth court in connection with a discussion of ____ the issue as it relates to the coconspirator exception to the hearsay rule. The Ninth Circuit agreed that "[t]he crime of aiding an escape terminates once the escapee has reached temporary safety," and defined "temporary safety" by reiterating Orth's "flight beyond immediate active pursuit" language. Id. at ____ ___ 1268 (quoting Orth, 252 F. at 568). ____ The crown jewel in appellant's trilogy is United States _____________ v. Smithers, 27 F.3d 142 (5th Cir. 1994). Smithers, charged with ________ aiding an escape under section 752(a), requested a jury instruction that contained the "flight beyond immediate active pursuit" language. The trial court denied the request, choosing instead to charge according to the letter of the statute itself. Following a guilty verdict, Smithers appealed. The Fifth Circuit vacated the conviction, holding that defendant's suggested instruction was substantively correct and that the trial court's failure to give it impermissibly impaired Smithers' ability to raise his theory of defense. See id. at 145-46. ___ ___ Although these cases bear a family resemblance to the case at bar, they are at best cousins once or twice removed. In all three cases, unlike here, the relevant assistance occurred days after the end of any immediate pursuit, at a location far removed from the place of liberation. See Smithers, 27 F.3d at ___ ________ 143-44; Vowiell, 869 F.2d at 1265-66; Orth, 252 F. at 568. Over _______ ____ and above this salient distinction, Orth is of little help ____ because the court used the phrase that appellant extols not in an 7 effort to formulate a model jury instruction, but in the course of explaining why, on the facts of that case, the defendant's ___________________________ conviction could not stand.4 Vowiell is cut from the same _______ cloth. As in Orth, the court gave no consideration either to how ____ jury instructions should be worded or to what language would best fit a case in which pursuit had not yet been mounted when the defendant first aided the escapee. Smithers, though closer to ________ the mark, is also inapposite. While the opinion memorializes the need to give a jury instruction regarding the limits to be placed on a charge of aiding an escape, it does not address what language is most fitting when, as now, there is no evidence of any immediate, active pursuit. Nor does the Smithers court ________ explore the pros and cons of using language such as appellant tenders as opposed to the "temporary safety" language preferred by the court below. Since these precedents are not dispositive, we take a fresh look. The linchpin of a charge under section 752(a) and the feature that sets it apart from a charge of harboring under section 1072 is the showing that the accused aided or assisted an escape rather than merely aiding or assisting an escapee. ______ _______ This requires, of course, that a line be drawn separating the  ____________________ 4The circumstances of Orth are such that, on any reasonable ____ view of the statute, the defendant's conviction for assisting an escape could not be justified. The fugitive had been at large almost a month and had traveled through two states before the defendant lifted a finger to help him. See 252 F. at 567. These ___ facts placed the defendant well outside the outer boundary of any charge of aiding and abetting the escape regardless of how the court's opinion might be phrased. 8 escape a discrete event from what may follow thereafter. This task is perhaps more difficult than it appears at first blush, as the term "escape" which, after all, means nothing more or less than "absenting oneself from custody without permission," United States v. Bailey, 444 U.S. 394, 407 (1980)  _____________ ______ encompasses a wide range of scenarios. Moreover, the general definition, without the insertion of limiting language, would make breaking out of prison a virtually endless continuum, so that any person who assisted an escapee, no matter how long after the event or how distant from the place of immurement, would be guilty of violating section 752(a). To avoid the obvious absurdity inherent in this result, the jury instruction in a criminal prosecution brought under section 752(a) must draw a clear, comprehensible line between the discrete event that is, the escape and what may follow. We think that the court's decision here to frame its instruction in terms of "reach[ing] temporary safety" furnished the necessary guidance to the jury.5 The instruction described an ascertainable point at which the jury might find that aiding the escape ended and harboring began. Thus, the delivered charge  ____________________ 5Our confidence in the term is bolstered by its familiarity; the term is regularly applied in other analogous criminal contexts. See, e.g., People v. Fierro, 821 P.2d 1302, 1326 (Cal. ___ ____ ______ ______ 1991) (explaining that "the crime of robbery is not complete until the robber has won his way to a place of temporary safety"), cert. denied, 113 S. Ct. 303 (1992); State v. Hearron, _____ ______ _____ _______ 619 P.2d 1157, 1159 (Kan. 1980) (holding that a homicide falls within the felony-murder rule if committed during escape or attempted escape, so long as the perpetrator has not yet reached a point of temporary safety). Thus, the term's common law history informs the use of it here. 9 was well within the realm of the trial court's discretion. See ___ McGill, 953 F.2d at 13; see also Concise Oil & Gas Partnership v. ______ ___ ____ _____________________________ Louisiana Intrastate Gas Corp., 986 F.2d 1463, 1474 (5th Cir. _______________________________ 1993) ("In instructing the jury, district judges may select their own words and charge in their own styles."). And, moreover, the court's language seems particularly apt when contrasted with appellant's alternative formulation. Where, as here, there is no evidence that pursuit had been mounted at or before the time the defendant rendered assistance, an instruction that centers on "flight beyond immediate active pursuit" risks confusing and confounding the jury without supplying a scintilla of additional enlightment. That ends the matter. Clear, easily understood jury instructions are vitally important in assuring that jurors grasp subtle or highly nuanced legal concepts. Partially for this reason, the law is settled that a trial court may appropriately refuse to give a proffered jury instruction that is incorrect, misleading, or incomplete in some material respect. See United ___ ______ States v. David, 940 F.2d 722, 738 (1st Cir. 1991), cert. denied, ______ _____ _____ ______ 504 U.S. 955 (1992). So it is here. We need go no further. Because the court's charge constituted a correct statement of the law, and would not have been improved by the substitution or insertion of the proposed instruction,6 we reject appellant's lone assignment of error.  ____________________ 6We should not be understood either as banishing instructions featuring "flight beyond immediate active pursuit," or as relegating such instructions to the scrap heap. The 10 Affirmed. Affirmed. ________  ____________________ language may have a legitimate place in certain situations, such as in helping the jury to visualize the issue in a case in which, unlike this one, immediate active pursuit is underway at the time the defendant renders aid. 11