USCA1 Opinion

 

 [NOT FOR PUBLICATION] _________________________ No. 97-1080 UNITED STATES OF AMERICA, Appellee, v. WILLIAM CHEN, Defendant, Appellant. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Richard G. Stearns, U.S. District Judge] _________________________ Before Selya, Circuit Judge, Hill,* Senior Circuit Judge, and Boudin, Circuit Judge. _________________________ Robert L. Sheketoff , with whom  Sheketoff & Homan was on brief, for appellant.  Kevin P. McGrath , Assistant United States Attorney, with whom Donald  K.  Stern, United States Attorney, was on brief, for appellee. _________________________ August 5, 1997 _________________________ _______________ *Of the Eleventh Circuit, sitting by designation.  Per  Curiam. Having read the parties' briefs, listened carefully to the arguments of distinguished counsel, perused the trial transcript, and scrutinized the district court's charge to the jury, we are persuaded that the instructions adequately covered the gist of the defendant's requests. To be sure, the precise tenor of jury instructions will vary from judge to judge, and the instructions in this instance were not quite what the defendant wanted in certain respects. Still, these discrepancies constituted variations in shading only, and did not affect the substance of the legal principles conveyed by the judge to the jurors. Indeed, the charge as given was in some ways more favorable than that which the defendant requested.  We need go no further: it is axiomatic in this circuit, as elsewhere, that the trial judge may put legal principles into his or her own words, without any obligation to parrot language that the defendant prefers, as long as the instructions as given cover the substance of the applicable law in an even-handed manner. See, e.g., United  States v. DeStefano, 59 F.3d 1, 2-3 (1st Cir. 1995);  United States v.  McGill, 953 F.2d 10, 12-13 (1st Cir. 1992); United States v. Cintolo, 818 F.2d 980, 1004 (1st Cir. 1987). Affirmed. See 1st Cir. R. 27.1. 3