# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 14, 2008

Charles R. Fulbruge III
Clerk

No. 05-11203
Summary Calendar

JEROMY D BRAY

Plaintiff-Appellant

v.

NFN YOUNG, Warden; SARGEANT NFN MOORE, Major;
VARIOUS MEMBERS OF CLASSIFICATION, Staff and Ranking Officers;
NFN WHEELER, Warden; NFN OWENS; NFN EDWARDS; NFN HUBBARD;
FNU ESPINOZA, Classification Chief; TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION

Defendants-Appellees

- - - - - - - - - - - - - - - - - - - - - - - -

consolidated w/

No. 06-10935
Summary Calendar

JEROMY D BRAY

Plaintiff-Appellant

v.

NFN HUBBARD; FNU ESPINOZA, Classification Chief

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 1:04-CV-39

Before REAVLEY, JOLLY, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jeromy D. Bray, Texas prisoner # 919964 filed a complaint under 42 U.S.C. § 1983 against Warden Young, Warden Wheeler, Major Moore, Captain Owens, Captain Edwards, Captain Hubbard, and Classification Chief Espinoza. Bray's complaint centered on the allegation that he was being forced to work at a prison job that violated his medical restrictions. When Bray refused to work, he received disciplinary convictions and was sanctioned with commissary restrictions, property restrictions, cell restrictions, contact visitation restrictions, and a change in his security classification.

The magistrate judge dismissed Bray's claims against Warden Young, Warden Wheeler, Major Moore, Captain Owens, and Captain Edwards for failure to state a claim and entered a final judgment. The magistrate judge subsequently granted summary judgment in favor of Captain Hubbard and Classification Chief Espinoza. We have consolidated Bray's appeals in these matters. See FED. R. APP. P. 3(b)(2).

Bray argues that the magistrate judge erred in dismissing his claims against the defendants in their official capacities. He contends that he should be allowed to maintain suit to force the defendants to comply with federal law in the future. He also argues that the district court erred in denying his request

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for a temporary restraining order. Because Bray has been transferred to another correctional institution, his claims for injunctive relief are moot. See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001); Cooper v. Sheriff, Lubbock County, 929 F.2d 1078, 1084 (5th Cir. 1991).

Bray argues that the magistrate judge erred in dismissing his claims against Warden Young, Major Moore, and Captain Edwards for failure to state a claim upon which relief may be granted. He contends that these defendants were personally involved in making decisions regarding his job assignments.

A dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim is reviewed under the same de novo standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). To state a claim, a plaintiff is required to make sufficient factual allegations "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted).

Bray attempts to show error in the magistrate judge's dismissal of his claims against Warden Young, Major Moore, and Captain Edwards by pointing to summary judgment evidence concerning Captain Hubbard and Classification Chief Espinoza. Bray's reliance on the summary judgment record is misplaced. "While it is . . . appropriate to look beyond the pleadings to decide whether summary judgment should be granted, the converse is true when the question is whether the pleadings state a claim." Jackson v. City of Beaumont Police Dept., 958 F.2d 616, 618 (5th Cir. 1992). A motion pursuant to Rule 12(b)(6) "is to be evaluated only on the pleadings." Id. (quotation marks and citation omitted). As to this issue, Bray's brief contains only unsupported, conclusional assertions, which are insufficient to establish the denial of a constitutional right. See Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990).

Bray contends that the magistrate judge erred in dismissing his claim against Warden Wheeler. He argues that Warden Wheeler assigned him to the community work squad, where he was forced to perform labor that violated his medical restrictions. Bray also contends that Warden Wheeler was aware of the difficulties he was having with his work assignments because Bray filed a grievance about the matter. Because Bray's allegations, which are accepted as true, fail to show that Warden Wheeler was personally involved in the alleged constitutional violation, we conclude that the magistrate judge did not err in dismissing Bray's claim. See Twombly, 127 S. Ct. at 1965; Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).

Bray also challenges the district court's dismissal of his claim against Captain Owens, which are related to Captain Owen's role as the adjudicator at Bray's disciplinary hearings. Bray argues that his due process rights were violated when Captain Owens refused to allow him to call a witness and when Captain Owens punished him by reducing his security classification and his time-earning classification. Because the punishments received by Bray do not implicate a constitutionally protected interest, the magistrate judge did not err in dismissing Bray's claim against Captain Owens. See Whitley v. Hunt, 158 F.3d 882, 889 (5th Cir. 1998), abrogated in part on other grounds, Booth v. Churner, 532 U.S. 731 (2001); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).

Finally, Bray challenges the district court's grant of summary judgment in favor of Captain Hubbard and Classification Chief Espinoza. Bray's opening brief in the appeal of that judgment, however, is devoid of citations to the record or to supporting authority and is entirely conclusory. Bray instead attempts to incorporate by reference a document he filed in the district court.

Although this court applies less stringent standards to parties proceeding pro se than to counsel-represented parties and liberally construes briefs of pro se litigants, pro se parties must still brief the issues. Grant v. Cuellar, 59 F.3d

523, 524 (5th Cir. 1995). The appellant's brief must contain an argument, which in turn must contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(9); see Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). The appellant must raise his arguments in the body of his brief and may not incorporate by reference his prior pleadings. See Perillo v. Johnson, 79 F.3d 441, 443 n.1 (5th Cir. 1996).

Because Bray has not briefed the summary judgment dismissal of his claims against Hubbard and Espinoza, he is deemed to have abandoned the issue. See Geiger v. Jowers, 404 F.3d 371, 373 n.6 (5th Cir. 2005). To the extent that Bray has argued the issue of the grant of summary judgment in his reply brief this effort is unavailing. "An appellant abandons all issues not raised and argued in its initial brief on appeal." Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994) (emphasis in original).

The judgment of the district court is, in all respects, AFFIRMED.