**CLD-047**                                           **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 23-2712
_____

JAMIEL L. WILLIAMS;
KEVIN WILLIAMS

v.

C.O. DIVEN; C.O. PLOCINIK;
C.O. BRINDLE; SGT. WEAKLAND

Jamiel L. Williams,
                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-23-cv-00667)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 20, 2023
Before:  KRAUSE, FREEMAN, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: January 9, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

Jamiel Williams, a prisoner proceeding pro se and in forma pauperis, appeals the District Court's dismissal of his civil rights action. We will summarily affirm.

I

In April 2023, Jamiel Williams filed a complaint under 42 U.S.C. § 1983, alleging that Department of Corrections employees had retaliated against him for filing a Prison Rape Elimination Act complaint against one of their colleagues. DC ECF 1. This retaliation took the form of intentionally giving another inmate, Kevin Williams, legal mail intended for Jamiel Williams. Id. The District Court screened and dismissed the complaint for failure to state a claim by Order entered July 13, 2023. DC ECF 13. The District Court dismissed the complaint against defendants Rivello and Grassmyer without leave to amend, but otherwise dismissed the complaint without prejudice. Id.

In July 2023, Jamiel Williams filed his amended complaint. He asserted, inter alia, that the remaining defendants had violated his First Amendment rights by giving his legal mail to inmate Kevin Williams in the aforementioned incident. DC ECF 14. He did not reassert the retaliation claim. Id. On September 6, 2023, the District Court dismissed the complaint with prejudice because Williams' complaint arose out of a single incident and did not allege facts suggesting malice or prejudice. DC ECF 16. This appeal followed. CA ECF 1.

Williams filed a document in support of his appeal in which he argues that opening, but not reading or damaging, a single piece of legal mail outside the inmate's

2

presence violates his rights under the First Amendment. CA ECF 9. Williams also seems to reallege the First Amendment retaliation claim. Id.

## II

We have jurisdiction under 28 U.S.C. § 1291. In considering a dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A, we apply the same de novo standard of review as when reviewing dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Since Williams is proceeding *in forma pauperis*, we must dismiss the appeal if it is frivolous. 28 U.S.C. § 1915(e)(2). We may summarily affirm a District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III

The District Court properly dismissed Williams' amended complaint alleging violations of his First Amendment rights based on the opening of his mail outside of his presence. While a demonstrated pattern or policy of opening legal mail outside of an inmates' presence can constitute a First Amendment violation, Williams' allegations concern an isolated incident in which his legal mail was given to and opened by an inmate who shares his last name. DC ECF 14 at 4-6; Jones v. Brown, 461 F.3d 353, 358 (3d Cir. 2006). A single instance in which an inmate's legal mail is mishandled is insufficient to support a claim under the First Amendment. See Bieregu v. Reno, 59 F.3d

1445, 1452 (3d Cir. 1995), abrogated on other grounds by <u>Lewis v. Casey</u>, 518 U.S. 343 (1996); <u>Davis v. Goord</u>, 320 F.3d 346, 351 (2d Cir. 2003).

Williams' First Amendment retaliation claim also fails.[1] To state a prima facie case of First Amendment retaliation, a claimant must allege that (1) he engaged in constitutionally protected conduct, (2) he suffered an adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights," and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. <u>Rauser v. Horn</u>, 241 F.3d 330, 333 (3d Cir. 2001) (alteration in original) (internal quotation marks omitted). While Williams baldly alleges that he suffered hardship because of the misdelivery of his mail, he received the legal mail in question on the same day it was delivered to Kevin Williams. <u>See</u> DC ECF 1-1, DC ECF 14 at 5. He claims the mail incident somehow caused him to miss a court deadline, but his case is still being litigated on the merits. <u>See</u> DC ECF 14, citing <u>Williams v. Pennsylvania Department of Corrections</u>, No. 1:22-cv-01337 (M.D. Pa. filed August 26, 2022).[2] Accordingly, we cannot conclude that the mishandling of Williams' mail amounts to an adverse action "sufficient to deter a person of ordinary firmness from exercising his rights." <u>Rauser</u>, 241

---

[1] Although Williams' amended complaint did not repeat his First Amendment retaliation claim, he raises it on appeal and we consider it here out of an abundance of caution in light of his pro se status. CA ECF 9.

[2] In screening a case under 28 U.S.C. § 1915, a court may examine the complaint, attached exhibits, and matters of public record, including judicial records. <u>Schmidt v. Skolas</u>, 770 F.3d 241, 249 (3d Cir. 2014); <u>see</u> <u>also</u> <u>Mayer v. Belichick</u>, 605 F.3d 223, 230 (3d Cir. 2010).

F.3d at 333. As a result, Williams' First Amendment retaliation claims were properly dismissed, and we need not consider the remaining elements of the Rauser standard.

The District Court opinion did not directly address Williams' denial of access to courts claim, but it fails as well. To succeed on an access to courts claim, a prisoner must show (1) an actual injury, such as a lost opportunity to pursue a nonfrivolous or debatable underlying claim, and (2) that no remedy other than the present civil rights action could possibly compensate for that lost opportunity. Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). Williams' complaint fails on the first prong, because as noted above, the case in question is still being litigated on the merits. Williams v. Pennsylvania Department of Corrections, No. 1:22-cv-01337 (M.D. Pa. filed August 26, 2022).

IV

Finally, the District Court's July 13 Order dismissed with prejudice all claims against Facility Manager Rivello and C.O. Grassmyer for lack of personal involvement. DC ECF 15. To the extent that captures his claims against Rivello and Grassmyer, we agree. However, we read Williams' complaint to assert a violation of his due process rights based on their alleged mishandling of his grievance.

Specifically, Williams alleges that Grassmyer had lied about investigating the mail incident, and Rivello had refused to review video evidence and ruled against Williams in a grievance hearing. DC ECF 1. While prisoners have a right to "meaningful" process when their property is destroyed or seized, Monroe v. Beard, 536 F.3d 198, 210 (3d Cir. 2008), citing Hudson v. Palmer, 468 U.S. 517, 533 (1984), Williams experienced no such

5

loss, as he received his legal mail the day it was delivered to Kevin Williams. Even if the mail incident did qualify as such a loss, Williams availed himself of a meaningful post-deprivation remedy, namely the prison grievance procedure, in the course of which Williams received lengthy written statements explaining why his grievance was denied. Monroe, 536 F.3d at 210; see also DC ECF 1-1. To the extent Williams implies that the remedy was not "meaningful" because Grassmyer and Rivello had lied or acted on personal animus, his allegations in that regard are too vague and conclusory. See Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). Williams' complaint thus fails with regard to Rivello and Grassmyer as well.

Accordingly, we will affirm the judgment of the District Court.